### 45626. MARTIN v. THE STATE.
(368 SE2d 515)

GREGORY, Justice.

The defendant, Venson Donnell Martin, was convicted of the felony murder of Nathaniel Basil Mayfield and sentenced to life impris-

onment.[1] The evidence at trial showed that on December 5, 1986 the victim was riding with James Freeman, the defendant's cousin. Freeman drove past the defendant who was talking to another person on the street. The defendant saw Freeman's car and followed it in his truck. The defendant flashed his lights, signalling Freeman to stop his vehicle. Freeman got out of his car and asked if the defendant wished to speak to him. The defendant replied he wanted to talk to the victim.

According to Freeman's testimony, the defendant opened the passenger door of Freeman's car, grabbed the victim by the collar, and pulled him out of the car. The defendant testified that he wanted to talk to the victim about a recent burglary of the defendant's home, and as he approached Freeman's vehicle, the victim kicked open the car door. The defendant testified that the two men scuffled, "throwing a few punches." According to the defendant, the victim reached in his pocket; the defendant thought the victim was reaching for a gun and shot him. Freeman testified that the victim did not reach in his pocket until after the defendant shot him, and then only to take out some money which he offered to the defendant.

The defendant discarded his gun and left the scene of the crime. Freeman took the victim to a hospital where he was pronounced dead on arrival. The attending physician testified that the cause of death was massive blood loss from a gunshot wound to the chest. No weapon was found on the victim's body.

1. Considering the evidence in the light most favorable to the prosecution, we hold that a rational trier of fact could have found the defendant guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant complains the trial court erred in failing to charge the law of justification. However, the record shows the trial court gave a complete charge in this regard.

3. The defendant maintains the trial court erred in failing to charge the law of mutual combat. "Mutual combat usually arises when the parties are armed with deadly weapons and mutually agree or intend to fight with them. Mutual combat does not mean a mere fist fight or scuffle." *Stewart v. State*, 257 Ga. 211, 213 (356 SE2d 515) (1987). The evidence in this case showed at most that the defendant and victim pushed one another and "threw a few punches."

---

[1] The crime took place on December 5, 1986. The defendant was tried September 14-17, 1987. The jury returned its verdict on September 17, 1987 and the trial court sentenced the defendant that same day. The defendant's motion for new trial was denied on February 9, 1988. The case was docketed in this court on March 22, 1988, and submitted to us on briefs on May 6, 1988.

There was no evidence that they mutually agreed or intended to fight with deadly weapons. The requested charge was not warranted by the evidence and the trial court did not err in refusing to give it.

4. We have examined the defendant's remaining contention of error and find it to be without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 9, 1988.

*Thomas M. Strickland,* for appellant.

*Michael H. Crawford, District Attorney, E. Jay McCollum, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General,* for appellee.

