## S90A1622. SHAW v. THE STATE.
(399 SE2d 210)

CLARKE, Chief Justice.

Billy P. Shaw was convicted of the murder of his brother, Robert Edward Shaw, and sentenced to life imprisonment.

The record shows that the defendant and victim were visiting another relative, Rayborn Shaw. The defendant and victim were drinking heavily, and Rayborn Shaw testified he saw the defendant swing a shovel at the victim. According to Rayborn Shaw, the victim jumped out of the way of the shovel, and no blows were actually struck. Later Rayborn Shaw heard gunshots and the defendant told him he had shot the victim, who was seated and unarmed, in the back of a van. The defendant then turned the gun on himself and inflicted two superficial head wounds. Two other witnesses testified that shortly after the shots were fired the defendant told them that he shot the victim because the victim stated he did not know whether he was through fighting. The defendant told the sheriff that the victim was violent, and that he shot the victim because he was "tired of it."

The defendant testified in his own behalf that the victim had

struck him with a shovel after which he lost consciousness. He testified he could not remember shooting the victim.

Medical examinations determined that the defendant had a blood alcohol content of .034 and that the victim had a blood alcohol content of .029.

1. Viewing this evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). There is sufficient evidence in the record to demonstrate that the defendant possessed the requisite intent to commit malice murder.

2. The defendant argues the trial court should have charged the law of mutual combat even though there was concededly no request for such a charge. But see *Hewitt v. State*, 127 Ga. App. 180 (7) (193 SE2d 47) (1972).

" 'Mutual combat usually arises when the parties are armed with deadly weapons and mutually agree or intend to fight with them.' " *Martin v. State*, 258 Ga. 300, 301 (368 SE2d 515) (1988).

An eyewitness testified that the defendant was swinging a shovel at the victim, while the victim tried to get away. The defendant testified that the victim was swinging a shovel at him, but that he was trying to calm the victim. Neither version of events would support a charge on mutual combat. Further, the evidence shows that between 25 and 90 minutes passed between the incident with the shovel and the time the defendant shot the victim. The trial court did not err in failing to give this charge.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 10, 1991.

*Neil A. Smith, Floyd W. Keeble, Jr., David R. Sicay-Perrow*, for appellant.

*Lindsay A. Tise, District Attorney, John H. Bailey, Jr., Assistant District Attorney, Michael J. Bowers, Attorney General, Robert D. McCullers*, for appellee.