## A91A1636. LEDFORD v. THE STATE.
### (415 SE2d 693)

CARLEY, Presiding Judge.
Indicted for murder, appellant was tried before a jury and, notwithstanding his claim of self-defense, he was found guilty of voluntary manslaughter. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict of guilt.

1. An eyewitness was called to testify for the State. On direct examination, the State was allowed, over objection, to ask this witness whether he was familiar with appellant's "reputation as far as it concerns the use of a knife?" When the witness gave a negative response

to this question, the State was allowed, over objection, to call the investigating officer to testify that, in a pre-trial statement, the witness had indicated that appellant had a reputation "for cutting people." The trial court's refusal to sustain the objections to this evidence of appellant's reputation is enumerated as error.

"A witness may be impeached by contradictory statements previously made by him as to matters *relevant* to his testimony and to the case." (Emphasis supplied.) OCGA § 24-9-83. Moreover, "a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes. *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982). Accordingly, *if* appellant's reputation "for cutting people" was relevant, then the testimony regarding the witness' pre-trial statement would be admissible as impeaching evidence pursuant to OCGA § 24-9-83 and as substantive evidence pursuant to *Gibbons*.

" ' "In a murder prosecution, evidence of prior quarrels and difficulties between the defendant and the victim, which persist until the time of the killing, thereby shedding light upon the motive of the killing and explaining conduct, is admissible." ' " *Williams v. State*, 250 Ga. 553, 560-561 (2) (300 SE2d 301) (1983). However, the contested evidence in the instant case was *not* limited to the existence of any such prior quarrels and difficulties between appellant and the victim in this case. It related to appellant's reputation for violence *in general*. Accordingly, *unless* appellant's general reputation for violence was relevant, then the testimony would be inadmissible.

In a criminal case, evidence as to the general reputation of *the victim* for violence may be admissible to corroborate the accused's claim of self-defense and to show the accused's reasonable fear. See generally *Henderson v. State*, 234 Ga. 827, 830 (1) (218 SE2d 612) (1975). However, the State cites no controlling or persuasive authority for the proposition that the general reputation of *the accused* for violence may be admissible for any purpose where, as here, the accused himself has not first put his own character into issue. " 'Character is circumstantial evidence of conduct and state of mind . . . A person is more likely to act in accord with his character than contrary to it.' [Cit.] Nonetheless, because the probative value of such evidence is outweighed by the danger of prejudice, such evidence is generally *legally* irrelevant. [OCGA § 24-2-2.] A specific application of the general rule is that in criminal cases, 'no evidence of general bad character . . . shall be admissible unless and until the defendant shall have first put his character in issue.' [OCGA § 24-9-20 (b).]" (Emphasis in original.) *Walraven v. State*, 250 Ga. 401, 407 (4b) (297 SE2d 278) (1982). " '[T]he State cannot rebut or question the presumption of a defendant's good character unless the defendant first *chooses* to place

his character in issue. To say otherwise, would render meaningless one of the primary objectives of OCGA § 24-9-20 (b), to preserve the presumption of a defendant's innocence. . . . [Cit.]' " (Emphasis in original.) *Warren v. State*, 197 Ga. App. 23, 25-26 (2) (397 SE2d 484) (1990). "[T]he [accused] alone can put his general character in issue in any criminal case[.] [This is done] by his [own testimony or] by sworn testimony introduced in his behalf. [Cits.]" *Barnes v. State*, 24 Ga. App. 372, 373 (3) (100 SE 788) (1919). See also *Askew v. State*, 135 Ga. App. 56, 57 (1) (217 SE2d 385) (1975). Thus, unless and until the accused introduces evidence of his own character or reputation, the State may not show "that his general reputation for peaceableness and violence was bad. [Cits.]" *Clark v. State*, 52 Ga. App. 254, 255 (183 SE 92) (1935). In the instant case, appellant *had not himself* opened the character door. Accordingly, appellant's general reputation for violence was legally irrelevant and the testimony was inadmissible.

"In the instant case the effect of the challenged testimony in placing [appellant's] character in issue can hardly be characterized as 'incidental': its sole apparent purpose was to do just that, by showing both 'general bad character,' [cits.] and a specific interest in ['cutting people']." *Santamaria v. State*, 165 Ga. App. 288, 289 (1) (299 SE2d 758) (1983). If the State wished to attempt to show appellant's motive, bent of mind or intent in stabbing the victim, it could have offered evidence of the existence of prior quarrels and difficulties between appellant and the victim. *Williams v. State*, supra at 561 (2). In the alternative, pursuant to Uniform Superior Court Rule 31.3, the State could have sought to introduce evidence of any specific prior similar instances wherein appellant may have assaulted others. *Jones v. State*, 257 Ga. 753, 759 (1c) (363 SE2d 529) (1988). However, the State should not have been allowed to introduce in its case-in-chief evidence of appellant's general reputation for violence. *Barfield v. State*, 89 Ga. App. 204, 205 (79 SE2d 68) (1953). The erroneous admission of the legally irrelevant evidence mandates a reversal of appellant's conviction and the grant of a new trial.

2. Although, at the time of the instant trial, appellant was not entitled to introduce evidence of the victim's specific acts of violence directed toward others, such evidence will be admissible at appellant's retrial if he complies with the applicable procedures. *Chandler v. State*, 261 Ga. 402, 407 (3b, c) (405 SE2d 669) (1991).

3. Appellant's remaining enumerations of error have been considered and are found either to be without merit or to be unlikely to recur at retrial.

*Judgment reversed. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED FEBRUARY 5, 1992.

*W. Michael Maloof,* for appellant.
*Michael H. Crawford, District Attorney,* for appellee.