## A92A2250. OLIVARIA v. THE STATE.
### (428 SE2d 624)

Johnson, Judge.

Virgil Olivaria appeals from his convictions of voluntary manslaughter and possession of a firearm during the commission of a crime.

1. Olivaria contends that the court erred in refusing to admit into evidence tape recordings of prior inconsistent statements made by two State witnesses. The State concedes that the statements were admissible, but claims that the court's error in refusing to admit the statements was harmless because Olivaria was allowed to cross-examine the witnesses about the prior statements. The State's argument is not persuasive.

Evidence at trial showed that Jonathan Edwards was shot in a hotel room. The State presented no eyewitnesses to the shooting, but did present several witnesses to the events leading up to the shooting. Of those witnesses, only Andre Ingram and Delante Martin, the two witnesses who gave the prior tape-recorded statements, testified that they knew Olivaria was in the hotel room at the time of the shooting.[1] Ingram testified that he saw Edwards, Olivaria and co-defendant James Williams arguing in the room, and immediately thereafter he heard gunfire. Martin testified that at the time of the shooting only Edwards and Olivaria were in the room because Williams had left. In their tape-recorded statements, however, both Ingram and Martin assert that they were not near the room at the time of the shooting. Ingram states that he was not even at the hotel at the time of the shooting and that he did not see anything happen that night. Martin states that he was around the corner in another room of the hotel and that he does not know anything about the shooting. These statements were admissible not only to impeach Ingram and Martin, but also as substantive evidence that they were not near the scene of the shoot-

---

[1] One of the other witnesses gave pretrial statements to the state indicating that he saw Olivaria run from the hotel room after the shooting, but at trial he denied actually seeing Olivaria leave the room.

ing when it took place. "A witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case. Moreover, a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes." (Citations, punctuation and emphasis omitted.) *Ledford v. State*, 202 Ga. App. 694, 695 (1) (415 SE2d 693) (1992).

The court refused to admit these statements into evidence, but instead limited Olivaria to questioning Ingram and Martin about them on cross-examination. The jury should have been allowed to hear these two critical witnesses, in their own words and voices, making statements that directly and materially contradicted their trial testimony. The evidence in this case was not so overwhelming that we can say the jury's verdict would not have been influenced by these two statements. *Greer v. State*, 201 Ga. App. 775, 776 (2) (412 SE2d 843) (1991). The court's erroneous exclusion of the statements was not harmless.

2. Because of our decision in Division 1, we will not address the remaining enumerations of error.

*Judgment reversed. Pope, C. J., and Carley, P. J., concur.*

DECIDED FEBRUARY 25, 1993 —
RECONSIDERATION DENIED MARCH 9, 1993 — ■■■■■■■■

*Kissiah & Associates, James W. Richter*, for appellant.
*J. Thomas Morgan III, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.