A94A0628. DEANS v. THE STATE.
(443 SE2d 6)

BLACKBURN, Judge.

Following a trial by jury, the appellant, James Tyronne Deans, was found guilty of four counts of armed robbery, ten counts of assault, and ten counts of kidnapping, all of the counts involving a Chick-fil-A Dwarf House restaurant and its employees. In his sole enumeration of error, Deans asserts that the trial court erred in failing to merge Counts 1 and 3.

During the September 17, 1992 robbery, at Deans' instruction, the manager of the restaurant, Robert Duckwall, opened the door of the office where the restaurant's cash was maintained, and Deans and

his accomplices removed the money. The restaurant's money was not taken directly from Duckwall or in his immediate presence since he did not enter the office. Duckwall and the other employees subsequently laid down on the floor and placed their jewelry in the middle of the floor as instructed. Thereafter, they were led into the walk-in cooler where they remained until the assailants fled. The State concedes that Counts 1 and 3 should have been merged for sentencing purposes because Deans did not commit separate armed robberies against Duckwall but instead, committed a single armed robbery in which property belonging to Duckwall and the restaurant was taken.

OCGA § 16-8-41 (a) provides in pertinent part that "[a] person commits the offense of armed robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by use of an offensive weapon. . . ." Count 1 of the indictment alleged that Deans and an accomplice "took from the immediate presence of Robert Duckwall the following property, to-wit: U. S. Currency the property of Chick-fil-A, by use of a handgun." Count 3 of the indictment alleges that Deans and an accomplice "took from the person of Robert Duckwall the following property, to-wit: jewelry, the property of Robert Duckwall, by use of a handgun." "Robbery is a crime against possession, and is not affected by concepts of ownership. Similarly, one may only rob a person, and not a corporate entity, or an object such as a[n] [office]. [Cit.] It follows that since there was only one victim, the [manager], who was by this single transaction despoiled of his possession of both [his property and the property of the restaurant], there was only one robbery. The trial court erred in imposing two [life] sentences for this offense, and is directed hereby to strike the sentence imposed on the [third] count." *Creecy v. State*, 235 Ga. 542, 544 (221 SE2d 17) (1975). See also *Jackson v. State*, 236 Ga. 98 (222 SE2d 380) (1976).

*Judgment affirmed in part and reversed in part with direction. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MARCH 25, 1994.

*James W. Bradley*, for appellant.
*Robert E. Keller, District Attorney, Nancy Trehub, Assistant District Attorney*, for appellee.