### A94A2208. SNELLING v. THE STATE.
#### (450 SE2d 299)

McMURRAY, Presiding Judge.

Defendant William Owen Snelling, a/k/a Gary Lewis Snelling, was tried before a jury and found guilty of four counts of armed robbery. The evidence adduced below showed that on three separate occasions, defendant used a pistol to take cash and credit cards from employees of certain fast food restaurants. His motion for new trial was denied and defendant appeals from the judgment of conviction and sentences entered on the jury's verdicts. *Held*:

1. In his first two enumerations, defendant contends the trial court erred in "[r]efusing to [a]dmit Defense's Independent Lineup" and in sustaining the State's "improper objection" thereto.

With regard to Count 4, the State called Ayanna Clarke, who "identified the Defendant as the man who robbed the [Kentucky Fried Chicken] store." This testimony was supported with proof that she had identified defendant in a photographic line-up shown to her by the police. During cross-examination of Ayanna Clarke, defendant attempted to discredit her in-court identification of him with proof that she had selected another suspect as the culprit from a similar

line-up created by the defense. This defense version of the line-up used photocopies of the same pictures shown to Ayanna Clarke by the police, but arranged in a different order. The State's attorney interposed the following objection, based upon the "assumption is that [defense counsel] is going to ask Ms. Clarke now to identify the Defendant from this line up and, Your Honor, a Xeroxed picture is not the same as a good photograph. The Court can compare the quality of the Xerox to the quality of the photographs and we would object to an identification based on a Xeroxed picture." Defense counsel explained that she did not intend to ask Ayanna Clarke to identify defendant based upon these photocopied photographs; rather, the defense intended to show that "Ms. Ayanna [Clarke] had looked at this [particular document] and she picked out the same number, the same location that she had picked out in [the police photographic] line up; however, it's not the same photograph [. . . and] even she will look at those and say[,] no, that is not the same person that she's identified on two different occasions." Accordingly, the defense submitted that the document was admissible as an original, with any discrepancy in the quality of the reproduction going to its weight. The State's attorney rejoined that "it is inappropriate to give a witness copies of photographs and, in fact, these are probably copies of copies that are clearly substandard." Out of the presence of the jury, Ms. Clarke recognized the images depicted in defendant's exhibit as the same pictures as from State's Exhibit 1 but "not in the same order."

The trial court ruled that the images as reproduced in the defense exhibit "are not similar enough to come anywhere close to being a valid basis of comparison[; and concluded that it was not relevant because . . . the] Xerographic process that the pictures went through have changed the skin tone, they've changed the facial features, they've changed the shadows that appear on the original photo." In response to the State's query whether there would be any reference to the misidentification made from this line-up, the court further ruled that the defense "cannot go into it because that document has no valid basis to be a line up comparison and, as such, can be given no weight and credibility by the jury. . . ."

(a) "The right of a thorough and sifting cross-examination shall belong to every party as to the witnesses called against him." OCGA § 24-9-64. Cross-examination is a vital component of the constitutionally protected right of the accused to confront the witnesses against him. *Ralph v. State*, 124 Ga. 81 (1) (52 SE 298). " 'Cross-examination of the witness of an adversary is a substantial right, the preservation of which is essential to a proper administration of justice, "and extends to all matters within the knowledge of the witness, the disclosure of which is material to the controversy," and it is error to deny or abridge this right.' [Cit.]" *McGinty v. State*, 59 Ga. App.

675, 679 (2 SE2d 134). "The purpose of cross-examination is to provide a searching test of the intelligence, memory, accuracy, and veracity of the witnesses, and it is better for cross-examination to be too free than too much restricted." *Ledford v. State*, 89 Ga. App. 683, 684 (1), 685 (80 SE2d 828). "Wherever the purpose is to impeach or discredit the witness, great latitude should be allowed by the court in cross examinations." *Mitchell v. State of Ga.*, 71 Ga. 128, 129 (hn. 6).

In the case sub judice, we have examined the document from which Ayanna Clarke identified someone other than defendant as the robber. Without question, this document is not as precisely imaged as the photographs depicted in State's Exhibit 1. However, there is no contention that defendant was not depicted in the defense line-up presented to Ayanna Clarke. Nor is it contended that, contrary to Ayanna Clarke's testimony identifying them as the same pictures as were in the police photographic line-up, this photocopied document does not depict the same six photographs. Accordingly, the defense document accurately represented what Ayanna Clarke previously examined and was not excludable as secondary evidence for being a photocopy of an original. *Montgomery v. State of Ga.*, 154 Ga. App. 311 (268 SE2d 723). See generally *Franklin v. State of Ga.*, 69 Ga. 36, 42 (1), 43.

(b) We are mindful of "the rule that 'the trial judge has a discretion to control the right of cross-examination within reasonable bounds.' (*Rogers v. State*, 18 Ga. App. 332 (2) (89 SE 460)). . . ." *McGinty v. State*, 59 Ga. App. 675 (hn. 1), supra. For example, it is "purely within the discretion of the court as to whether the State's counsel should be permitted to lead the witness, or to cross-examine his own witness." *Fouraker v. State*, 4 Ga. App. 692, 693 (3) (62 SE 116). The trial court "may restrict the cross-examination to matters material to the issues. [Cits.] [The trial court] may also restrain useless and unnecessary repetition of questions which have been asked and fully answered. [Cits.]" *Clifton v. State*, 187 Ga. 502, 508 (4) (2 SE2d 102). However, " '[t]he Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value.' Agnor's Georgia Evidence, § 10-2, p. 165. [Cits.]" *Sprouse v. State*, 242 Ga. 831, 833 (3) (252 SE2d 173). " 'Any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant.' *Harris v. State*, 142 Ga. App. 37, 41 (234 SE2d 798)." *Owens v. State*, 248 Ga. 629, 630 (284 SE2d 408). " 'It should require a very strong case of threatened evil, to justify a Court in preventing a [criminal defendant from eliciting on cross-examination the existence of circumstances which tend to discredit testimony identifying him as the culprit], or which tends to strengthen, add force or probability to such [infer-

ence].' *Walker v. Walker*, 14 Ga. 242 (6) (1853)." *Brinson v. State*, 201 Ga. App. 80 (1) (410 SE2d 50).

In the case sub judice, the excluded document went to establish how it was that the witness who at trial identified defendant as the armed robber had, one week before, selected another person's photograph as that of the robber. This fact is material to the intelligence, memory, accuracy, and veracity of the witness. Moreover, the fact that this witness identified someone other than defendant from the same series of photographs as used in the police line-up is in the nature of a prior inconsistent statement, which " 'is admissible as substantive evidence, and is not limited in value only to impeachment purposes.' . . . *Ledford v. State*, 202 Ga. App. 694, 695 (1) (415 SE2d 693) (1992)." *Olivaria v. State*, 207 Ga. App. 662 (1), 663 (428 SE2d 624). "Where the relevancy of documents which may be used as evidence appears, it is error to unduly restrict the cross-examination relating to such documents. [Cit.]" *Ledford v. State*, 89 Ga. App. 683, 684 (1), 685, supra. "Accordingly, the trial court's evidentiary ruling [excluding as irrelevant defendant's proffered exhibit and forbidding related cross-examination as to a different identification of the culprit] was violative of the 'Georgia rule' favoring the admissibility of any relevant evidence and was, therefore, erroneous." *Brinson v. State*, 201 Ga. App. 80 (1), 81, supra.

(c) Nevertheless, the question remains whether this undue limitation of cross-examination and erroneous exclusion of relevant evidence was "harmful error requiring a reversal [of defendant's conviction under Count 4] and a new trial. [The Supreme Court of Georgia] has adopted the highly probable test when determining if an error is harmless. If it is highly probable that the error did not contribute to the judgment then the error is harmless. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976)." *Owens v. State*, 248 Ga. 629, 631, supra. "The proper test to determine whether error is harmless [due to overwhelming evidence of guilt] is not whether there is sufficient other evidence to convict but whether 'it is highly probable that the error did not contribute to the judgment.' [Cit.]" *Ragan v. State*, 264 Ga. 190, 192 (3) (442 SE2d 750).

In the case sub judice, two other eyewitnesses identified defendant as the armed robber. Sergeant Donny Kelly of the City of Lilburn Police Department interviewed Jim Cooksey, the store manager. Jim Cooksey "was unsure, basically. He did pick the Defendant Snelling, photograph number two, but he was unsure. He wasn't very sure of it. I asked him exactly, you know, what transpired. He stated that in the incident he really didn't have an opportunity to get a real closeup look at [the robber] due to the fact that [the robber] stayed behind him." Seventeen-year-old Orenthea Peavy was a cook at the Kentucky Fried Chicken store on the evening in question. Orenthea

Peavy was "able to make an identification on the photo line up[,]" as well as an in-court identification, naming defendant as the man who pulled a gun and grabbed Orenthea Peavy by the arm, walking him and Ayanna Clarke to the office.

This evidence is sufficient to authorize the jury's verdict beyond a reasonable doubt. However, even when coupled with evidence that defendant committed the other armed robberies alleged in the indictment, it is not overwhelming evidence that defendant is guilty of this particular offense. There is no physical evidence placing defendant at the scene. Compare *Blige v. State*, 264 Ga. 166, 168 (3) (441 SE2d 752). Nor is there evidence that he was found in possession of the fruits of the robbery or the handgun allegedly used. Compare *Worley v. State*, 201 Ga. App. 704, 707 (2c) (411 SE2d 760). "[W]e cannot determine what role this [excluded] evidence [would] have played [in the jury's deliberations]." *Waters v. State*, 210 Ga. App. 305 (1), 307 (436 SE2d 44). Accordingly, "we cannot say that it is highly probable that the error [in unduly limiting cross-examination and in excluding relevant impeachment evidence] did not contribute to the jury's verdict [as to Count 4 of this indictment]." *Johnson v. State*, 238 Ga. 59, 61, supra. Consequently, the judgment of conviction as to Count 4 of the indictment must be reversed. *Ledford v. State*, 89 Ga. App. 683, 684 (1), 685, supra. See also *Quinn v. State*, 132 Ga. App. 395, 396 (2) (208 SE2d 263).

2. Defendant's third enumeration contends the trial court erred in failing to merge Count 3 into Count 2, relying on *Deans v. State*, 212 Ga. App. 571 (443 SE2d 6).

The State argues that "appellant should not be allowed to raise this issue for the first time on appeal." However, if defendant is correct in his attack upon the conviction, then any judgment ostensibly entered thereon is a mere nullity, is void, and is subject to attack in this court. *Barrett v. State*, 183 Ga. App. 729 (1) (360 SE2d 400).

Count 2 of the indictment alleged that on the 27th day of December 1992, defendant took U. S. currency belonging to Arby's RTM, Inc., from the immediate presence of Cynthia Lester, by use of a handgun. Count 3 alleged that on the 27th day of December 1992, defendant took a Decatur Federal bank card and a Citibank Visa credit card belonging to Cynthia Lester from her immediate presence. In support of these allegations, Cynthia R. Lester, manager of the Arby's restaurant on Indian Trail Road, identified defendant as the man who displayed a pistol in her presence and then "came across the counter at that time and asked [her] to empty out the cash drawer from that register on the front line, which [she] did." Defendant also forced Cynthia Lester to open a safe and the drive-through cash register before locking her in the cooler with other employees. Defendant "came back a couple of minutes later and took [Cynthia Lester] out

of the cooler and [she] was up against the wall in the office and he took [her] bank card and one of [her] credit cards and put them in front of [her] face and asked [her] what the numbers were on those cards. . . . And at that point[, she] noticed [her] wallet was in the bag that he had taken off of a table and he had put all the money in and put [Cynthia Lester] back in the cooler. . . ." On cross-examination, Cynthia Lester repeated that, after defendant took her out of the cooler: "I stood right there in that spot and he showed me the credit cards, asked me the number and then put me back in the cooler."

" 'Robbery is a crime against possession, and is not affected by concepts of ownership. Similarly, one may only rob a person, and not a corporate entity, or an object such as [a cash register or safe]. . . .' [Cit.]" *Deans v. State*, 212 Ga. App. 571, 572, supra. In the case sub judice, the State's evidence, when viewed to uphold the guilty verdicts, shows a single robbery from the immediate presence of Cynthia Lester by which defendant took both corporate cash and personal bank cards, and not separate and sequential offenses. Cynthia Lester's testimony shows that defendant already had rifled her wallet of its contents when he returned to the cooler, waved the cards in her face and demanded to know the access numbers to her accounts. " 'It follows that since there was only one victim, the (manager), who was by this single transaction despoiled of [her] possession of both ([her] property and the property of the restaurant), there was only one robbery. . . .' [Cit.]" *Deans v. State*, 212 Ga. App. 571, 572, supra. Consequently, the trial court erred in entering a separate judgment of conviction and sentence for armed robbery as alleged in Count 3 of the indictment. That judgment of conviction is vacated, and the trial court " 'is directed hereby to strike the sentence imposed on the (third) count.' *Creecy v. State*, 235 Ga. 542, 544 (221 SE2d 17) (1975). See also *Jackson v. State*, 236 Ga. 98 (222 SE2d 380)." *Deans v. State*, 212 Ga. App. 571, 572, supra.

*Judgment affirmed in part, reversed in part, and vacated in part with direction. Pope, C. J., and Smith, J., concur.*

DECIDED NOVEMBER 18, 1994.

*Sharon L. Hopkins*, for appellant.
*Daniel J. Porter, District Attorney, Donald L. Johstono, Jr., Assistant District Attorney*, for appellee.