## A95A1410. LEONARD v. THE STATE.
### (461 SE2d 309)

BLACKBURN, Judge.

Ronald Leonard, Jr., appeals his conviction of 11 counts of armed robbery asserting several enumerations of error.

1. In his first enumeration of error, Leonard contends the trial court erred in denying his motion for mistrial. During the trial, Leonard's counsel moved for a mistrial when one of the State's witnesses testified as to statements made by Leonard while in police custody. The witness's testimony contained more detail than had been provided to Leonard's counsel prior to trial. See former OCGA § 17-7-210.[1] The trial court denied Leonard's motion for mistrial and instructed the jury to disregard the witness's testimony regarding the defendant's statements.

"The granting or refusing of a motion for mistrial is necessarily a matter largely within the discretion of the trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, the exercise of the judge's discretion will not be interfered with." (Citation and punctuation omitted.) *Harper v. State*, 213 Ga. App. 444, 449 (445 SE2d 303) (1994). In *McKenzie v. State*, 187 Ga. App. 840 (11) (371 SE2d 869) (1988), a witness testified as to statements made by the defendant while in custody which had not been provided to defense counsel prior to trial. Therein, we held that the denial of a mistrial was proper upon the court's instruction to the jury to disregard the offending portion of the witness's testimony. Id. at 848. Following *McKenzie*, we find that the trial court did not abuse its discretion in denying Leonard's motion for mistrial.

2. In his second enumeration of error, Leonard contends there was insufficient evidence to convict him of Count 2 of the indictment which charged him with the armed robbery of a Circle K store on May 9, 1992. Edith Allen was working at the Circle K in the late evening hours of May 9, 1992. At trial, she testified regarding her identification of Leonard from a photographic line-up as the perpetrator of the armed robbery. On cross-examination, Allen admitted that the

---

[1] OCGA § 17-7-210 was repealed effective January 1, 1995, by Ga. L. 1994, p. 1895, § 1. The repeal does not affect this case.

only picture in the photographic array with medium skin tone was Leonard's picture.

Direct evidence of Leonard's guilt was presented in the form of testimony by an eyewitness who positively identified Leonard as the perpetrator. Leonard did not object to the introduction of the photographic identification evidence; he objects to the sufficiency of the evidence. Viewed in the light most favorable to support the verdict, this evidence is sufficient for a rational trier of fact to conclude beyond a reasonable doubt that appellant committed the offense charged. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Hatcher v. State*, 175 Ga. App. 768 (334 SE2d 709) (1985).

3. Leonard contends insufficient evidence was presented to convict him of Counts 10 and 11 of the indictment. In Count 10, Leonard was charged with the armed robbery of a Circle K store on June 4, 1992; Count 11 charged Leonard with the armed robbery of the same Circle K store the following day.

Detective Martin of the Gwinnett County Police Department testified that while in custody, Leonard admitted to robbing the Circle K after midnight on June 6, 1992. Yousuf Abdulwahid, the Circle K store clerk, testified that the same person robbed him both times. Furthermore, Abdulwahid selected Leonard's photograph as the perpetrator from the photographic line-up. Leonard correctly notes that Abdulwahid's testimony regarding the perpetrator's height was inconsistent with Leonard's height; however, on appeal, we must construe all evidence in the light most favorable to the verdict. Viewed in such a light, the direct evidence of Leonard's guilt, testimony by an eyewitness who positively identified Leonard as the perpetrator, is sufficient for a rational trier of fact to conclude beyond a reasonable doubt that appellant committed the offense charged. See *Jackson v. Virginia*, supra. See also *Hatcher v. State*, supra.

4. Leonard contends that pursuant to the merger doctrine, the armed robberies charged in Counts 4 and 5 of the indictment merged as a matter of law. In Count 4, Leonard was charged with the armed robbery of a QuikTrip store on May 12, 1992; Count 5 charged Leonard with the contemporaneous armed robbery of the QuikTrip store's clerk, Lon David Fancher.

In *Deans v. State*, 212 Ga. App. 571, 572 (443 SE2d 6) (1994), we held that " '[r]obbery is a crime against possession, and is not affected by concepts of ownership. Similarly, one may only rob a person, and not a corporate entity.' " Therein we found that the trial court erred in imposing two sentences for the robbery of the Chick-fil-A and the robbery of its manager. Id. Following *Deans*, we find that the trial court erred in failing to hold that Counts 4 and 5 merged as a matter of law. Upon remand, the trial court is instructed to strike the sentence imposed on the fifth count. Id.

5. In his last enumeration of error, Leonard alleges that the prosecutor became a witness for the State, and he contends the trial court erred in denying his motion for mistrial. Our review of the record indicates that although the prosecutor's questions were somewhat inartful, he did not "become a witness." Furthermore, the trial court instructed the jury to disregard the prosecutor's questions and the witness's responses. The trial court did not abuse its discretion in denying Leonard's motion for a mistrial. See *Harper*, supra.

*Judgment affirmed in part and reversed in part with direction. McMurray, P. J., and Andrews, J., concur.*

DECIDED AUGUST 17, 1995.

*Ronnie K. Batchelor*, for appellant.
*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney*, for appellee.