S97A0438. HOLCOMB v. THE STATE.
S97A0440. LOPEZ v. THE STATE.
(485 SE2d 192)

</div>

SEARS, Justice.

Appellants Eddie Holcomb and Vincent Lopez were jointly tried and convicted of felony murder, aggravated assault, conspiracy to commit armed robbery, and possession of a firearm during the com-

mission of a felony.[1] On appeal, both appellants claim that alleged juror misconduct warranted the declaration of a mistrial. We find, however, that the alleged misconduct, if it in fact occurred, was harmless beyond any reasonable doubt. Appellant Holcomb also claims that his trial counsel was ineffective due to certain statements apparently made during closing arguments. Pretermitting whether this issue was properly preserved for appeal, we find that the statements did not prejudice Holcomb's defense. Appellant Lopez also claims that certain testimony by a State's witness amounted to improper bad character evidence. We find, however, that the evidence was permissible as it established a motive for the crimes of which Lopez was convicted. Finding no merit to the other enumerations raised, we affirm the convictions.

The evidence introduced at trial, construed most favorably to the verdict, authorized the jury to conclude that early one morning in February 1995, Matthew Gann flagged down a deputy sheriff and told him that he had been shot and that his friend, more seriously injured, was lying in a nearby parking lot. The deputy then drove to the parking lot, where he found Peter Beaupre lying face down on the pavement, a gunshot wound to the head. Beaupre died soon thereafter. A subsequent autopsy revealed that he had been shot in his head with a .380 caliber-type firearm.

Earlier that evening, Gann and Beaupre had received a phone call from a woman, Brownlow, inviting them to a party. During the phone conversation, Brownlow asked Gann and Beaupre if they had any drugs to sell. Both replied that they did not. During the same phone conversation, appellant Holcomb got on the line and arranged to meet Gann and Beaupre at a restaurant.

When Gann and Beaupre arrived at the restaurant, they encountered a car with appellant Holcomb as passenger, William Matthew Sumner as driver, and, although they could not see him,

---

[1] The crimes occurred on February 22, 1995, and appellants were indicted for malice and felony-murder, aggravated assault, conspiracy to commit armed robbery, and possession of a firearm during the commission of a felony on August 10, 1995. The joint trial took place on November 13-16, 1995, and the jury returned guilty verdicts on all charges except malice murder. Appellants were each sentenced to life imprisonment on the felony murder counts, plus ten years on the aggravated assault and five years on the firearm possession counts, both to be served concurrently to one another but consecutively to the individual life sentences. The conspiracy counts were merged with the aforementioned counts for sentencing purposes. Lopez filed a motion for new trial on December 12, 1995, which was amended on October 15, 1996, and Holcomb filed a motion for new trial on January 10, 1996. Those motions were denied on October 15, 1996 and August 27, 1996, respectively. The transcript was certified by the court reporter on April 2, 1996. Holcomb and Lopez filed their notices of appeal with the Court of Appeals on September 25, 1996 and October 28, 1996, respectively. The appeals were transferred to this Court on December 4, 1996, docketed with this Court on December 10, 1996, and submitted for decision without oral argument on February 3, 1997.

appellant Lopez lying in the back seat. Appellant Holcomb motioned from the car for Gann and Beaupre to follow him. Gann and Beaupre followed him to the parking lot, where the two cars parked parallel to one another. Holcomb then motioned for Gann to get out of the car. When Gann did so, Holcomb approached him and struck him in the head with an unidentified object. Lopez then emerged from his hiding place in the back seat of the car, carrying a gun. A struggle ensued between Gann and Lopez, during which Gann was shot in the stomach. Gann then ran to his car, where he saw Beaupre seriously injured and lying on the ground just outside the passenger door. As Gann attempted to pull Beaupre inside the car, a gunshot shattered the driver's side window. Gann then drove off, and soon encountered the deputy sheriff.

The subsequent police investigation revealed that Holcomb and Lopez believed that Gann possessed drugs, which they planned to steal from him. After the phone conversation in which the restaurant rendezvous was arranged, Holcomb and Lopez, along with Sumner, armed themselves in preparation for the robbery; Holcomb with a .380 caliber semi-automatic handgun, Lopez with a sawed-off .22 caliber semi-automatic rifle, and Sumner with a crowbar.

Sumner and Brownlow were indicted along with appellants Holcomb and Lopez. Sumner and Brownlow opted to enter guilty pleas, and testified on behalf of the State at appellants' trial.

1. The evidence, construed favorably to the verdict, authorized a reasonable finder of fact to find Holcomb and Lopez guilty of the crimes of which they were convicted.[2]

2. Holcomb and Lopez both argue that the trial court committed reversible error by failing to interrogate jurors about their alleged exposure to a newspaper account of the trial. During the testimony of Sumner, the jury was excused for a short recess, and some of the jurors retired to the courthouse lobby. When the proceedings resumed, Holcomb's stepfather testified that during the recess, he had observed some of the jurors standing near a vending machine that contained newspapers depicting photographs of co-defendants Sumner and Brownlow, and carrying an article about their guilty pleas. Holcomb's stepfather also testified that he had overheard one of the jurors state that the jury was "out here because of Matt Sumner." Other than this one statement, Holcomb's stepfather conceded that he did not know what the jurors had discussed during the recess.

Holcomb's counsel asked the court to inquire of the jurors the extent to which they had discussed the case and formed an opinion

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

prior to the admission of all evidence. When the trial court asked counsel what course of action it should take in response to the alleged juror misconduct, Holcomb's counsel volunteered that nothing in the testimony of Holcomb's stepfather showed anything prejudicial or detrimental to Holcomb's defense, and even if the allegations of juror misconduct were true, Holcomb had suffered no harm. A party may not complain on appeal of a ruling that he contributed to or acquiesced in by his own action, trial strategy, or conduct.[3] Because Holcomb conceded before the trial court that the alleged juror misconduct, even if it occurred, did not harm his right to a fair and impartial jury, he may not complain on appeal about the trial court's refusal to interrogate the jury in response to the allegations of misconduct.

As for Lopez, he claims that the trial court erred in refusing to grant his motion for a mistrial due to the alleged juror misconduct. We disagree. When irregular juror conduct is shown, there is a presumption of prejudice to the defendant, and the prosecution carries the burden of establishing beyond a reasonable doubt that no harm occurred.[4] However, in order for juror misconduct to upset a jury verdict, it must have been so prejudicial that the verdict is deemed " 'inherently lacking in due process.' "[5] Furthermore, "where the substance of the communication is established without contradiction, the facts themselves may establish the lack of prejudice or harm to the defendant."[6] In this case, there is no contradiction in the alleged statement made by a juror. That alleged statement, while in violation of the trial court's instruction not to discuss the case or view media accounts thereof, did not involve deliberation of the case before the close of evidence, or a situation where one juror attempted to persuade another on any issue in the case.[7] Therefore, we are satisfied that the juror's actions, while improper, were not so prejudicial as to have contributed to the conviction, and were harmless beyond a reasonable doubt.[8]

3. During closing arguments, Holcomb's trial counsel apparently suggested that the jury should consider awarding a medal to Holcomb for the killing of Beaupre. On appeal, Holcomb claims that this alleged statement establishes that his counsel was ineffective, and "deserves something from the Court to lessen its impact." The closing arguments are not part of the record on appeal, however, and

---

[3] *Alexander v. State,* 200 Ga. App. 411 (408 SE2d 485) (1991).

[4] *Sims v. State,* 266 Ga. 417, 419 (467 SE2d 574) (1996); *Lockridge v. State,* 260 Ga. 528, 529 (397 SE2d 695) (1990).

[5] *Sims,* supra, citing *Bobo v. State,* 254 Ga. 146 (327 SE2d 208) (1985).

[6] *Sims,* 266 Ga. at 419.

[7] *Sims,* 266 Ga. at 420.

[8] See id.

therefore this enumeration is not preserved for our consideration.[9]

Even if Holcomb's claim of ineffective assistance was not waived, we note that Holcomb does not suggest on appeal that his defense was at all prejudiced by the alleged instance of ineffective assistance. It is well established that a claim of ineffective assistance of counsel is evaluated under a two-prong test: (1) counsel's performance must have been deficient, and (2) the deficient performance must have prejudiced the defense.[10] Failure to establish either of these two components results in the rejection of an ineffective assistance claim.[11] Thus, assuming arguendo that this enumeration was preserved, Holcomb has failed to set forth a claim of ineffective assistance. Moreover, as stated by the trial court during its rebuke of trial counsel, the statement at issue apparently resulted from counsel's zealous and emotionally-charged representation of Holcomb. Thus, we would be disinclined to find that this is an example of a deficient performance by counsel, and therefore this enumeration is rejected.

4. During direct examination, Sumner testified that before the crimes occurred, Lopez stated that he, among others, had been "ripped off" by Gann in previous drug dealings. Lopez claims that by eliciting this information from Sumner, the State improperly introduced evidence of bad character without Lopez first having placed his character in issue, in violation of OCGA § 24-9-20 (b).

"Evidence which is relevant to an issue in a case is not rendered inadmissible by the fact that it incidentally puts the defendant's character at issue."[12] As argued by the State before the trial court, the testimony complained of by Lopez, indicating that while trafficking in narcotics, Gann stole drugs from Lopez and thus owed Lopez money, is evidence of motive for the crimes committed.[13] This is especially true when considered in conjunction with the strong evidence introduced by the State indicating that Lopez and Holcomb intended to take narcotics from the victims in order to sell them for money. Therefore, we find that the evidence complained of was properly admitted.

5. Holcomb contends that the trial court erred by charging the jury on armed robbery, when the object of appellants' conspiracy to commit robbery was contraband they believed to be in the possession of the victims. Holcomb argues that he could not be charged with

---

[9] We also note, however, that the trial court rebuked counsel for the improper comment on the record and outside the presence of the jury.

[10] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782 (325 SE2d 362) (1985).

[11] *Ford v. State*, 255 Ga. 81 (335 SE2d 567) (1985).

[12] *Johnson v. State*, 260 Ga. 457, 458 (396 SE2d 888) (1990).

[13] See *Sterling v. State*, 267 Ga. 209, 211 (477 SE2d 807) (1996); *Hayes v. State*, 265 Ga. 1 (453 SE2d 11) (1995).

armed robbery when the alleged object of his intended theft was narcotics, in which the victims could have no legitimate property rights. We reject this argument. "Robbery is a crime against possession, and is not affected by concepts of ownership."[14] Moreover, the gravamen of the offense of armed robbery is the taking of items from the possession of another by use of an offensive weapon,[15] and not the ownership status of the item taken. Therefore, this enumeration is rejected.

6. Contrary to appellants' contentions, we find no error in the trial court's jury charges. Holcomb contends that the trial court erred by failing to instruct the jury on "mutual combat." However, our review of the record reveals that no such charge was requested. Moreover, as there was no evidence that the victims were armed with deadly weapons and mutually intended or agreed to fight, a charge on mutual combat was not warranted, even if it had been requested.[16]

Lopez contends that the trial court gave an incomplete charge on circumstantial evidence. However, the record shows that the charge on circumstantial evidence given by the trial court was precisely as requested by Lopez. Thus, he may not complain of it on appeal.[17] Furthermore, the State's case against Lopez relied entirely upon direct evidence, including the eyewitness testimony of Lopez's co-defendants. A charge on circumstantial evidence is required only when the State's case relies, in whole or in part, upon circumstantial evidence.[18] Therefore, this enumeration is rejected.

7. We have examined and considered the other enumerations raised by Lopez and Holcomb,[19] and find them to be without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 12, 1997 —
RECONSIDERATION DENIED JUNE 6, 1997.

*Frank G. Smith,* for appellant (case no. S97A0438).
*Joseph M. Todd,* for appellant (case no. S97A0440).
*T. Joseph Campbell, District Attorney, Thurbert E. Baker, Attor-*

---

[14] *Leonard v. State,* 218 Ga. App. 369, 370 (461 SE2d 309) (1995); see *Deans v. State,* 212 Ga. App. 571 (443 SE2d 6) (1994).

[15] See OCGA § 16-8-41.

[16] *Martin v. State,* 258 Ga. 300, 301 (368 SE2d 515) (1988).

[17] See *Alexander,* supra.

[18] *Robinson v. State,* 261 Ga. 698 (410 SE2d 116) (1991).

[19] These include claims that (1) the trial court erred in denying the appellants' motion to sever; (2) the trial court erred in denying a motion for additional peremptory strikes; (3) the appellants were selectively prosecuted.

*ney General, Paula K. Smith, Senior Assistant Attorney General, Christopher S. Brasher, Assistant Attorney General,* for appellee.