S05A2050. HUDSON v. THE STATE.
(623 SE2d 497)

SEARS, Chief Justice.

The appellant, Otis Hudson, appeals from his conviction for the felony murder of Chris Clark.[1] On appeal, Hudson contends that the

---

[1] The crime occurred on March 21, 1992. A jury found Hudson not guilty of malice murder,

trial court erred in failing to charge on mutual combat. Finding no merit to this contention, we affirm Hudson's conviction.

1. The evidence shows that, on March 21, 1992, Hudson and the victim had an altercation that culminated in a fight between, on the one hand, the victim, the victim's brother, and the victim's cousin, and, on the other hand, Hudson and several of his friends. The evidence would have authorized the jury to conclude that the victim was not armed during this fight; that, during the fight, Hudson had a gun; and that, at one point during the fight, Hudson, who was standing, shot the victim who was kneeling on the ground in front of him. We conclude that the evidence was sufficient to authorize a rational trier of fact to find Hudson guilty of felony murder beyond a reasonable doubt.[2]

2. Hudson contends that the trial court erred by failing to charge on mutual combat. A charge on mutual combat, however, is warranted only when the combatants are armed with deadly weapons and mutually agree to fight.[3] Because there was no evidence that the victim in this case was armed with a deadly weapon, a charge on mutual combat was not warranted by the evidence.[4]

*Judgment affirmed. All the Justices concur.*

DECIDED DECEMBER 1, 2005 —
RECONSIDERATION DENIED JANUARY 17, 2006.

*Samuel G. Merritt*, for appellant.
*Cecilia M. Cooper, District Attorney, Thurbert E. Baker, Attorney General, Laurie M. Hughes, Assistant Attorney General*, for appellee.

---

but guilty of felony murder and aggravated assault on March 3, 1993. The aggravated assault conviction merged with the conviction for felony murder, and the trial court sentenced Hudson to life in prison for felony murder. Hudson did not file a timely appeal, but in 2003, he filed a motion for out-of-time appeal. The trial court denied the motion, but this Court reversed the trial court's ruling and remanded for a determination whether Hudson lost his right to a direct appeal due to the ineffectiveness of trial counsel. *Hudson v. State*, 278 Ga. 409 (603 SE2d 242) (2004). On June 21, 2005, the trial court granted Hudson an out-of-time appeal, and on July 21, 2005, Hudson filed a notice of appeal. On August 22, 2005, the appeal was docketed in this Court, and on October 11, 2005, the case was submitted for decision on the briefs.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Demons v. State*, 277 Ga. 724, 726 (595 SE2d 76) (2004); *Holcomb v. State*, 268 Ga. 100, 105 (485 SE2d 192) (1997); *Martin v. State*, 258 Ga. 300, 301 (368 SE2d 515) (1988).

[4] Id.