**FOURTH DIVISION
DOYLE, P. J.,
MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**January 21, 2014**

# In the Court of Appeals of Georgia

A13A1780. LEONARD v. THE STATE. DO-066 C

DOYLE, Presiding Judge.

Acting pro se, inmate Ronald Leonard, Jr., appeals from the trial court's denial of his motion to correct a void sentence. He contends that the sentence is illegal because (1) one count was suspended in violation of former OCGA § 16-8-41 (d), and (2) the sentence was ambiguous.[1] For the reasons that follow, we affirm in part and remand for resentencing.

---

[1] Leonard urges an additional enumeration incorrectly asserting that waiver was a basis for the trial court's order. That argument is belied by the trial court's order , and we do not further address the argument. Further, in his reply brief, Leonard attempts to expand the scope of his arguments with an additional ground for reversal. This additional argument is beyond the scope of the enumerated error and will not be considered by this Court. See *Corsini v. State*, 238 Ga. App. 383, 386, n. 1 (519 SE2d 39) (1999).

In 1994, Leonard was found guilty of eleven counts of armed robbery stemming from a series of robberies. He was sentenced as follows: life imprisonment for Count 1, twenty years suspended sentence for Count 2, and twenty years on each of the remaining nine counts to be served concurrent with each other and consecutive to the life sentence from Count 1. Leonard then unsuccessfully pursued a direct appeal and habeas relief. In 2013, Leonard, acting pro se, filed a "Motion to Correct Void and Ambiguous Sentences."

We note as a general matter,

the General Assembly has established a specific time frame during which a trial court has jurisdiction to freely modify a criminal sentence. Pursuant to OCGA § 17-10-1 (f), a court may correct or reduce a sentence during the year after its imposition, or within 120 days after remittitur following a direct appeal, whichever is later. Once this statutory period expires, a trial court may only modify a void sentence. A sentence is void if the court imposes punishment that the law does not allow. To support a motion for sentence modification filed outside the statutory time period, therefore, a defendant must affirmatively demonstrate that the sentence imposes punishment not allowed by law.[2]

---

[2] (Citation and punctuation omitted.) *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010).

1. Leonard argues that his sentence as to Count 2 is void and not authorized by law in light of former OCGA § 16-8-41 (d),[3] which provided as follows: "Adjudication of guilt or imposition of sentence shall not be suspended, probated, deferred, or withheld for any offense punishable under subsection (a), (b), or (c) of this Code section [defining armed robbery]." Based on this Code section, this Court has held that a superior court lacked authority to probate a sentence imposed on conviction of armed robbery, and such a sentence was deemed "absolutely void."[4] We are faced with a similar situation in this case, where the superior court suspended Leonard's sentence for armed robbery as prohibited by OCGA § 16-8-41 (d). Thus, we conclude that the suspended sentence on Count 2 was unauthorized by law and therefore void. Accordingly, "[t]he posture of this case is that the defendant has been

---

[3] See *Fleming v. State*, 271 Ga. 587, 590 (523 SE2d 315) (1999) ("[I]t has long been the law in this [S]tate that, in general, a crime is to be construed and punished according to the provisions of the law existing at the time of its commission."). We apply the Code section in effect in May 1992, the time of the offenses.

[4] See *State v. Stuckey*, 145 Ga. App. 434 (243 SE2d 627) (1978).

validly convicted but has had a void sentence imposed which in law amounts to no sentence at all,"[5] as to Count 2.[6] We remand for resentencing as to Count 2 only.

2. Leonard also argues that his remaining sentence is void as being ambiguous. We discern no ambiguity. The 20-year concurrent sentences merely run consecutive to the life sentence. This sentence is within the punishment prescribed by law,[7] and it is therefore not void.[8]

*Judgment of conviction affirmed and case remanded for resentencing. McFadden and Boggs, JJ., concur.*

---

[5] Id. at 434-435.

[6] See *Diaz v. State*, 279 Ga. App. 134, 135-136 (630 SE2d 618) (2006) (voidness of one count does not affect remaining counts in indictment).

[7] See OCGA § 16-8-41 (b) (1992) ("A person convicted of the offense of armed robbery shall be punished by . . . imprisonment for life or by imprisonment for not less than five nor more than 20 years. . . .").

[8] See *Frazier*, 302 Ga. App. at 347-348.