# Court of Appeals
# of the State of Georgia

ATLANTA,__August 14, 2018_____

*The Court of Appeals hereby passes the following order:*

**A18A1833.  RONALD LEONARD, JR. v. THE STATE.**

In 1994, a jury found Ronald Leonard, Jr. guilty on 11 counts of armed robbery. In this case, Leonard's fourth challenge to the sentence imposed by the trial court, Leonard filed a notice of appeal from the trial court's denial of his motion to correct a void sentence.[1]  Specifically, Leonard contends that his life sentence for armed robbery is void.  We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, as it has here, a direct appeal may lie from an order denying

---

[1] In *Leonard v. State*, 218 Ga. App. 369 (461 SE2d 309) (1995), we affirmed in part and reversed in part with direction to strike the sentence imposed on Count 5, after the trial court erred in failing to merge Counts 4 and 5 as a matter of law. Id. at 370 (4). The trial court subsequently resentenced Leonard to life in prison on Count 1, and 20 years on the remaining counts to be served concurrently with each other and consecutively to Count 1. In *Leonard v. State*, 325 Ga. App. 577 (754 SE2d 155) (2014), we affirmed in part and remanded in part for resentencing with regard to Count 2, concluding that, based on the law at the time, the suspended sentence on Count 2 was unauthorized and was therefore void. Id. at 577-578 (1). Leonard was subsequently resentenced on Count 2 to 20 years with the first 10 years to be served in confinement and the balance probated, to be served consecutively to the life sentenced imposed on Count 1, and concurrently to all other counts. In an unpublished opinion in *Leonard v. State*, Case No. A14A2068 (decided January 27, 2015), we affirmed the trial court's decision to probate part of Leonard's 20-year sentence on Count 2.

or dismissing a motion to correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 217 (1) n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Leonard argues that the life sentence is void because it is in excess of the maximum punishment allowed by law. However, armed robbery is an offense that is punishable by life imprisonment. See OCGA § 16-8-41 (b).[2] Accordingly, Leonard's sentence is not void as a matter of law. In the absence of a colorable void-sentence claim, we lack jurisdiction over this appeal, which is hereby DISMISSED. See *Burg*, 297 Ga. App. at 119.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__08/14/2018_____*
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[2] The 1994 version of the statute provides, in pertinent part, that "[a] person convicted of the offense of armed robbery shall be punished by death or imprisonment for life or by imprisonment for not less than five nor more than 20 years."