A91A1917. THE STATE v. MOHAMED.
(416 SE2d 358)

ANDREWS, Judge.

The State appeals the 1991 modification of defendant's misdemeanor sentence by the court after its entry in 1985, contending that it was an illegal modification.

1. First considering defendant's motion to dismiss the State's direct appeal as violative of OCGA § 5-7-1, it is denied. " 'Notwithstanding the provisions of OCGA § 5-7-1, the State may appeal directly an illegal judgment. [Cits.]' *State v. Bilal,* 192 Ga. App. 185 (384 SE2d 253) (1989)." *State v. Smith,* 193 Ga. App. 831 (1) (389 SE2d 547) (1989).

2. On October 7, 1985, defendant was sentenced on a guilty plea to 12 months probation for misdemeanor theft by taking. The 1991 Extraordinary Motion for Modification sought nunc pro tunc entry instead of first offender treatment pursuant to OCGA § 42-8-60.

The maximum sentence which may be imposed for a misdemeanor is a $1,000 fine, 12 months imprisonment, or both. OCGA § 17-10-3 (a). Defendant was given a 12 month probated sentence and once service of that sentence began it could not exceed the maximum sentence which could have been imposed. *Tenney v. State,* 194 Ga. App. 820, 822 (3) (392 SE2d 294) (1990). Once the sentence was served, jurisdiction over the defendant ceased. *Strickland v. State,* 165 Ga. App. 197, 200 (2) (300 SE2d 537) (1983). The court having no jurisdiction over him or his case, the motion to modify was a nullity as well as the judgment entered purporting to modify the sentence. OCGA § 17-9-4. Additionally, defendant cited no authority for such a motion and we are aware of none. Cf. OCGA § 17-9-61 (motion in arrest of judgment available only for nonamendable defects appearing on the face of the record and only within term in which judgment rendered); *Thigpen v. State,* 165 Ga. App. 837, 838 (303 SE2d 81) (1983) (after passage of term in which judgment entered, no provision for motion to set aside or vacate sentence in criminal cases).

Therefore, the judgment of June 25, 1991 is a nullity and the court is directed to strike it from the record.

*Judgment vacated and case remanded with direction. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 20, 1992.

*Ralph T. Bowden, Jr., Solicitor, Andrew T. Rogers, W. Cliff Howard, Assistant Solicitors,* for appellant.
*Christopher G. Knighton,* for appellee.