A93A1499. THE STATE v. JAMES.
(438 SE2d 399)

SMITH, Judge.

The State appeals the order of the trial court granting the motion for reconsideration of appellee Anthony Joseph James. The trial court's order allowed James to withdraw his plea of nolo contendere.

On November 25, 1992, James pled nolo contendere in the State Court of Gwinnett County to one count of harassing telephone calls. OCGA § 16-11-39 (4). He was sentenced to 12 months to be served on probation, on the condition that he not contact the alleged victims of the telephone calls. At that time, James was represented by counsel. On December 28, James, through his attorney, filed a "Motion to Withdraw Plea," in which he alleged that his plea was coerced. After a hearing, the trial court denied the motion on December 31, 1992.

The succeeding term of the State Court of Gwinnett County began on January 4, 1993. OCGA § 15-7-40; Ga. L. 1981, pp. 3033, 3035. On January 29, 1993, James, acting pro se, filed a "Notice of Appeal" from the order denying his motion to withdraw his plea and a "Motion to Appoint Counsel for Indigent Person On Appeal." After a hearing, the trial court granted James's motion and appointed counsel.

On February 23, through his new counsel, James filed a "Motion to Reconsider Defendant's Motion to Withdraw Plea and to Vacate Defendant's Sentence." A hearing on that motion was set for March 9. On that date, James filed a motion to withdraw his pending notice of appeal. After the hearing, the trial court determined that James's plea was withdrawn, vacated his sentence, and set the case down for trial. The State timely appealed that order.

1. We note initially that notwithstanding the provisions of OCGA § 5-7-1, the State may appeal a void or illegal judgment directly. *State v. Mohamed*, 203 Ga. App. 21 (1) (416 SE2d 358) (1992). The State contends that the trial court's order was void for lack of jurisdiction.

2. "During the term in which they are rendered, judgments of criminal conviction are in the breast of the trial court and may, therefore, be vacated for good cause shown. [Cit.] However, after the origi-

nal term has passed, a motion to vacate and set aside the judgment is not an appropriate remedy in a criminal case. [Cits.]" *Thigpen v. State*, 165 Ga. App. 837, 838 (303 SE2d 81) (1983). "This rule applies equally to a withdrawal of a plea; otherwise, there would be no limit to time to withdraw a plea and no end to the case." *State v. Kight*, 175 Ga. App. 65, 66 (1) (332 SE2d 363) (1985). See also *State v. Mohamed*, supra. Moreover, " 'a trial judge's authority to reconsider, vacate, substantially modify, correct other than a recording error, or otherwise alter a judgment ends with the conclusion of the term in which judgment was entered.' [Cit.]" *Stonecypher v. State*, 168 Ga. App. 507 (308 SE2d 639) (1983).

In this case, a motion to withdraw the plea was filed and denied during the November term. After that motion was denied, a notice of appeal and request for counsel were filed in the January term. No motion was pending when the November term adjourned, and no motion was carried over to the following term. James's motion for reconsideration of the trial court's ruling on his earlier motion to withdraw his plea was not filed until nearly two months after the beginning of the term.

James, citing no specific authority, contends that his "Motion to Appoint Counsel for Indigent Person On Appeal" and the trial court's rule nisi on that motion held the court's previous judgment open into the new term. By its express terms, James's motion had in view the pursuit of an appeal, not further proceedings on the trial court's earlier order. The motion to appoint counsel was filed and the rule nisi issued during pendency of James's notice of appeal; during that time the trial court retained jurisdiction in such matters as dismissal of an appeal, OCGA § 5-6-48; appointment of counsel on appeal, OCGA § 17-12-61 (applicable to capital felonies); and preparation of the record, *Harp v. State*, 204 Ga. App. 527, 528 (1) (420 SE2d 6) (1992). The acknowledged authority of the trial court to assist in and expedite the appeal of a case is not relevant here.

An order issued *within the term* and setting the hearing of a motion for a date beyond term has the effect of keeping the term open until the designated day as to that particular case. *State v. Bradbury*, 167 Ga. App. 390, 392 (4) (306 SE2d 346) (1983). "[A] motion made during the term serves to extend the power to modify. [Cit.]" *Porterfield v. State*, 139 Ga. App. 553, 554 (228 SE2d 722) (1976). However, neither James's motion to reconsider nor the rule nisi were within the preceding term of court, and as *Porterfield* acknowledges, "a trial judge loses the inherent right to modify a judgment after the term expires." Id.

The trial court retains the power to modify a misdemeanor sentence under OCGA § 17-10-3 (b) and to modify a probated sentence under OCGA § 42-8-34 (g) during the period of probation. These

Code sections provide that the judge may revoke, rescind, modify, or change such a sentence "at any time." However, this power to modify is limited by its terms to the *sentence* itself or its conditions. See *Burns v. State*, 153 Ga. App. 529, 530-531 (265 SE2d 859) (1980) (where sentence divided between straight time and probation, a trial court may modify the probation portion of the sentence only).

Under the applicable law, the trial court could rescind, revoke, or modify James's sentence of probation, but it could not go behind the sentence to readdress the merits of James's plea. That issue having been ruled upon in the preceding term, the motion for reconsideration came too late. Since the trial court lacked jurisdiction to consider James's motion for reconsideration, the judgment of March 11, 1993 is a nullity, and the court is directed to strike it from the record.

*Judgment vacated and case remanded with direction. Beasley, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 29, 1993.

*Gerald N. Blaney, Jr., Solicitor, Richard E. Thomas, Assistant Solicitor,* for appellant.

*Robert Greenwald,* for appellee.