A95A1109. LEWIS v. THE STATE.
(458 SE2d 861)

SMITH, Judge.

John L. Lewis was convicted of child molestation and sentenced in July 1993 to eight years probation. In August 1994, he filed a motion requesting first offender treatment. The trial court denied the motion, concluding it had no authority to grant such treatment after the term in which Lewis was sentenced. Lewis appeals, contending the trial court's conclusion was erroneous because his sentence was probated and OCGA § 42-8-34, which governs probated and suspended sentencing, gives a sentencing judge broad discretion to modify probated sentences during the term of the sentence.

We have found no cases addressing the question of whether a sentence may be modified after the term of court during which the sentence was imposed but during the term of probation. Lewis correctly points out that the legislature amended OCGA § 17-10-1 (a), deleting language in the former statute prohibiting suspension, probation, modification, or change of sentence ("except as otherwise provided by law") after the term of court, or 60 days from the sentencing date, whichever time is greater.

He also finds support for the modification he requested in OCGA § 42-8-34 (g), which provides that a sentencing judge does not lose jurisdiction over an offender placed on probation during the term of his probated sentence; the judge has authority to revoke, rescind, or modify any or all of the probated sentence at any time during the term originally prescribed for the probated sentence.

In addressing the issue presented by this case, however, we need not address either the meaning of the omission of the restrictive language in OCGA § 17-10-1 (a) or the parameters of a sentencing judge's retained jurisdiction under OCGA § 42-8-34 (g) during a sen-

tence of probation. We conclude that Lewis's motion in this case was properly denied because the particular modification he requested — first offender treatment — was prohibited under the terms of the first offender act itself. OCGA § 42-8-60 et seq.

The use of first offender treatment allows the defendant to be placed on probation without an adjudication of guilt in order to afford one who successfully completes such probation "protection against the stigma of a criminal record." *Witcher v. Pender*, 260 Ga. 248, 249 (392 SE2d 6) (1990). Under OCGA § 42-8-60 (a), first offender treatment may be granted to a defendant who has not been previously convicted of a felony, "[u]pon a verdict or plea of guilty or a plea of nolo contendere, *but before an adjudication of guilt.*" (Emphasis supplied.) Such treatment *defers* further proceedings, including sentencing. *O'Ree v. State*, 172 Ga. App. 51, 52 (322 SE2d 89) (1984). It follows that it may not be granted after a defendant has been sentenced. The trial court did not err in denying Lewis's motion.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED JUNE 21, 1995 —
RECONSIDERATION DENIED JULY 10, 1995 — ▮▮▮▮▮▮▮

*Macklyn A. Smith, Sr.*, for appellant.
*Daniel J. Porter, District Attorney, Brenda J. Bernstein, Assistant District Attorney*, for appellee.