A05A1205. BURCHETTE v. THE STATE.
(619 SE2d 323)

ELLINGTON, Judge.
In August 2001, a Forsyth County jury convicted Michael Burchette of arson, OCGA § 16-7-60. The trial court denied his request for

---

first offender treatment under OCGA § 42-8-60 and sentenced him to 15 years probation. After this Court affirmed his conviction,[1] Burchette filed a motion with the trial court to modify his sentence by granting him first offender treatment. The court denied the motion, finding that it could not grant first offender treatment after it had imposed sentence. Burchette appeals and, finding no error, we affirm.

Georgia's first offender law, OCGA § 42-8-60 (a), states as follows:

> Upon a verdict or plea of guilty or a plea of nolo contendere, *but before an adjudication of guilt*, in the case of a defendant who has not been previously convicted of a felony, the court may, *without entering a judgment of guilt* and with the consent of the defendant: (1) Defer further proceeding and place the defendant on probation as provided by law; or (2) Sentence the defendant to a term of confinement as provided by law.

(Emphasis supplied.) Under the plain language of this statute, a trial court is only authorized to grant first offender treatment *before* a defendant has been adjudicated guilty and sentenced. *Lewis v. State*, 217 Ga. App. 758, 759 (458 SE2d 861) (1995). It follows that, once a trial court imposes a sentence, the defendant loses the opportunity to be treated as a first offender. Id.

Burchette argues, however, that the trial court retained jurisdiction to modify or reduce his sentence in this case pursuant to OCGA § 17-10-1 (f),[2] and, therefore, the trial court had the authority to modify his sentence to give him first offender treatment. But OCGA § 17-10-1 (f) only provides an opportunity for a court to modify an existing sentence. Therefore, the statute cannot be used to grant first offender treatment when the first offender act specifically prohibits such modification after sentencing. OCGA § 42-8-60 et seq.; *Lewis v. State*, 217 Ga. App. at 759. Burchette's argument to the contrary is without merit.

Accordingly, we find the trial court properly denied Burchette's motion to modify his sentence.

---

[1] *Burchette v. State*, 260 Ga. App. 739 (580 SE2d 609) (2003); see also *Burchette v. State*, 278 Ga. 1, 3 (596 SE2d 162) (2004) (holding that a portion of the trial court's *Allen* charge to the jury was inaccurate and should no longer be given, but affirming Burchette's conviction).

[2] Within one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later, the court imposing the sentence has the jurisdiction, power, and authority to correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed. OCGA § 17-10-1 (f).

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED JULY 19, 2005 —
RECONSIDERATION DENIED AUGUST 3, 2005 —

*Banks, Stubbs, Neville & Cunat, Rafe Banks*, for appellant.
*Penny A. Penn, District Attorney*, for appellee.