## A08A2222. PLANAS v. THE STATE.
### (673 SE2d 566)

BERNES, Judge.

Joseph Planas pled guilty to the offense of statutory rape. He appeals the trial court's ruling that he was not legally eligible for first offender treatment and that he must register as a sexual offender. Because the trial court erroneously believed that the law did not permit Planas to be sentenced as a first offender, we vacate the sentence and remand for resentencing.

Planas was indicted on one count of statutory rape (OCGA § 16-6-3)[1] based upon a sexual encounter that occurred on or about April 1, 2007 when Planas was 18 years old and the minor female victim was 13 years old. On February 4, 2008, Planas entered a guilty plea to the charged offense, admitting that he had engaged in sexual intercourse with the victim, who was one of his sister's friends, on one occasion when the victim was visiting his home. At the sentencing hearing, Planas requested that he receive first offender treatment and argued that he should not have to register as a sexual offender. The trial court concluded that Planas was not legally eligible for first offender treatment; required him to register as a sexual offender; sentenced him to 10 years to be served on probation, with the special condition of serving 180 to 360 days in a probation detention center; and imposed sexual offender conditions of probation. This appeal ensued.

1. Planas contends that the trial court erred in ruling that he was not legally eligible for first offender consideration. The trial court declined to sentence Planas as a first offender based upon the court's conclusion that the crime of statutory rape as alleged and admitted in this case was a "sexual offense" under OCGA § 17-10-6.2 (a) (4) that was ineligible for first offender consideration under

---

[1] OCGA § 16-6-3 (a) provides:

A person commits the offense of statutory rape when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse, provided that no conviction shall be had for this offense on the unsupported testimony of the victim.

OCGA § 42-8-60 (d) (2). We agree with Planas that the trial court's interpretation of these provisions was erroneous.

The First Offender Act, OCGA § 42-8-60 et seq., provides that

> in the case of a defendant who has not been previously convicted of a felony, the court may, without entering a judgment of guilt and with the consent of the defendant: (1) Defer further proceeding and place the defendant on probation as provided by law; or (2) Sentence the defendant to a term of confinement as provided by law.

OCGA § 42-8-60 (a). "If the probation or incarceration term is completed without violation, the defendant is discharged without an adjudication of guilt and is not considered to have a criminal conviction." (Citation and punctuation omitted.) *Priest v. State*, 261 Ga. 651, 652 (2) (409 SE2d 657) (1991). See OCGA § 42-8-62 (a).

But certain offenses are not eligible for first offender consideration. Among other offenses, OCGA § 42-8-60 (d) (2) excludes from consideration under the First Offender Act "[a] sexual offense as such term is defined in [OCGA §] 17-10-6.2."[2] In turn, OCGA § 17-10-6.2 (a) (4) defines "sexual offense" to include "[s]tatutory rape, as defined in [OCGA §] 16-6-3, *if the person convicted of the crime is 21 years of age or older*." (Emphasis supplied.)

Based on the plain language of these statutory provisions, a defendant who commits statutory rape is excluded from first offender consideration only if the defendant was 21 years of age or older. It is undisputed, however, that Planas was 18 years old when he committed the charged offense and was 19 years old at the time of his conviction. Planas thus was eligible for first offender consideration.

While a trial court has discretion to sentence a defendant as a first offender, that discretion is abused if the court refuses to consider first offender treatment based upon an erroneous expression of belief that the law does not permit the exercise of such discretion. See *Camaron v. State*, 246 Ga. App. 80, 82 (2) (539 SE2d 577) (2000). Here, the record affirmatively shows that the trial court erroneously believed that the law did not permit the court to sentence Planas as a first offender. Accordingly, we vacate Planas's sentence and remand for resentencing so that the request for first offender treatment can be heard and resolved on the merits. See *Ramage v. State*, 259 Ga. App. 616 (578 SE2d 245) (2003); *Jones v. State*, 208 Ga. App. 472 (431 SE2d 136) (1993).

---

[2] It is undisputed that none of the other categories of offenses delineated in OCGA § 42-8-60 (d) is applicable in this case.

2. Because the issue will recur on remand, we address Planas's remaining contention that the trial court erred in ruling that he must register as a sexual offender. We discern no error.

Under Georgia law, a person must register as a sexual offender if, among other things, he or she is convicted on or after July 1, 1996 of "a criminal offense against a victim who is a minor." OCGA § 42-1-12 (e) (1).[3] For convictions occurring after June 30, 2001,[4] "criminal offense against a victim who is a minor" is defined broadly to include any criminal offense under Title 16 of the Georgia Code that consists of "[c]riminal sexual conduct toward a minor." OCGA § 42-1-12 (a) (9) (B) (iii).

Statutory rape, codified in OCGA Title 16, clearly falls within the broad category of criminal sexual conduct toward a minor. And while it is true that "conduct which is punished as for a misdemeanor or which is prosecuted in juvenile court shall not be considered a criminal offense against a victim who is a minor," OCGA § 42-1-12 (a) (9) (C), the statutory rape admitted to by Planas does not fit within this exception. Misdemeanor statutory rape is limited to cases where "the victim is at least 14 but less than 16 years of age and the person convicted of statutory rape is 18 years of age or younger and is no more than four years older than the victim." OCGA § 16-6-3 (c). But the victim here was 13 years of age. Moreover, Planas was prosecuted in superior court, not juvenile court. Consequently, Planas must register as a sexual offender for committing "a criminal offense against a victim who is a minor" as that term is defined in OCGA § 42-1-12 (a) (9) (B) (iii).

*Sentence vacated and case remanded with direction. Andrews, P. J., and Doyle, J., concur.*

DECIDED FEBRUARY 12, 2009.

*Snehal Patel,* for appellant.

---

[3] A person also must register as a sexual offender if he or she is convicted on or after July 1, 2006 of a "dangerous sexual offense," but statutory rape constitutes such an offense only if the perpetrator was 21 years of age or older. See OCGA § 42-1-12 (a) (10) (A) (vii). As previously noted, that is not the situation here.

[4] "Conviction" includes "a final judgment of conviction entered upon a verdict or finding of guilty of a crime, a plea of guilty, or a plea of nolo contendere." OCGA § 42-1-12 (a) (8). Furthermore, defendants with first offender status are considered to have a criminal conviction for purposes of registration "for the period of time prior to the defendant's discharge after completion of his or her sentence or upon the defendant being adjudicated guilty." Id.

*Tom Durden, District Attorney, Melissa L. Poole, Assistant District Attorney*, for appellee.