A08A2284. THE STATE v. STULB.

(675 SE2d 253)

BERNES, Judge.

Several years after William Archer Stulb was convicted of statutory rape, the trial court granted Stulb's motion to rescind his full sentence under OCGA § 42-8-34 (g) and then resentenced him as a first offender. The State of Georgia appeals, contending that the trial court lacked jurisdiction to rescind Stulb's original sentence in its entirety and grant him first offender treatment after he had been adjudicated guilty of statutory rape. We agree. Accordingly, we reverse the trial court's order rescinding Stulb's original sentence and vacate the subsequently entered first offender sentence.

This is the second appearance of this case before us. In September 2005, a Columbia County jury convicted Stulb of statutory rape. At the sentencing hearing, the trial court announced a felony sentence of ten years with one year to be served in confinement and the remainder on probation, with additional conditions, fines, and fees.[1] Stulb did not receive first offender treatment. After Stulb began serving his sentence, however, the trial court sua sponte resentenced him to a greater term of confinement. The trial court then entered final judgment on the conviction and the increased sentence.

On direct appeal, we affirmed Stulb's conviction but remanded the case with direction that the original sentence be reimposed. See

---

[17] See *Grier,* supra.

[1] Stulb was 18 years old and the female victim was 14 years old at the time of the sexual contact. The current version of the statutory rape statute provides: "If the victim is at least 14 but less than 16 years of age and the person convicted of statutory rape is 18 years of age or younger and is no more than four years older than the victim, such person shall be guilty of a misdemeanor." OCGA § 16-6-3 (c) (2008). But this misdemeanor exception was not added until 2006, after Stulb's conviction in the present case. See OCGA § 16-6-3 (2005); Ga. L. 2006, p. 379, § 10.

*Stulb v. State*, 279 Ga. App. 547 (631 SE2d 765) (2006). In July 2006, the trial court entered an order reimposing the original sentence. Again, Stulb was not sentenced as a first offender.

In February 2008, Stulb moved for the trial court to rescind his sentence in its entirety under OCGA § 42-8-34 (g), and the trial court granted the motion. Stulb then requested for the trial court to resentence him under the First Offender Act, OCGA §§ 42-8-60 to 42-8-66.[2] The trial court granted the request and resentenced Stulb as a first offender to 345 days in confinement, credit for time served, and 645 days probation, with the probation sentence ending on June 4, 2008, plus a fine. This appeal by the state followed.

We agree with the state's contention that the trial court lacked jurisdiction to resentence Stulb as a first offender. The First Offender Act provides in relevant part:

> Upon a verdict or plea of guilty or a plea of nolo contendere, *but before an adjudication of guilt*, in the case of a defendant who has not been previously convicted of a felony, the court may, without entering a judgment of guilt and with the consent of the defendant: (1) Defer further proceeding and place the defendant on probation as provided by law; or (2) Sentence the defendant to a term of confinement as provided by law.

(Emphasis supplied.) OCGA § 42-8-60 (a). By the plain terms of the

---

[2] Stulb sought to be resentenced as a first offender because of Georgia's sexual offender registration law. Under that law, a person must register as a sexual offender if, inter alia, he is convicted on or after July 1, 1996 of "a criminal offense against a victim who is a minor." OCGA § 42-1-12 (e) (1). For convictions after June 30, 2001, "criminal offense against a victim who is a minor" includes any criminal offense under Title 16 of the Georgia Code that consists of "[c]riminal sexual conduct toward a minor." OCGA § 42-1-12 (a) (9) (B) (iii). Statutory rape falls within the category of criminal sexual conduct toward a minor. See *Planas v. State*, 296 Ga. App. 51, 53 (2) (673 SE2d 566) (2009). And while "conduct which is punished as for a misdemeanor . . . shall not be considered a criminal offense against a victim who is a minor," OCGA § 42-1-12 (a) (9) (C), Stulb was convicted of felony statutory rape based on the version of the statutory rape statute then in effect. See OCGA § 16-6-3 (2005). Similarly situated persons convicted of statutory rape today would receive a misdemeanor sentence and would not have to register as a sexual offender. See OCGA § 16-6-3 (c) (2008).

Although Stulb had to register as a sexual offender, the grant of first offender treatment would affect how long he would be subject to the registration requirements. See OCGA § 42-1-12 (a) (8) ("A defendant who is discharged without adjudication of guilt and who is not considered to have a criminal conviction pursuant to Article 3 of Chapter 8 of this title, relating to first offenders, shall be subject to the registration requirements of this Code section for the period of time prior to the defendant's discharge after completion of his or her sentence or upon the defendant being adjudicated guilty. Unless otherwise required by federal law, a defendant who is discharged without adjudication of guilt and who is not considered to have a criminal conviction pursuant to Article 3 of Chapter 8 of this title, relating to first offenders, shall not be subject to the registration requirements of this Code section upon the defendant's discharge.").

statute, "a trial court is only authorized to grant first offender treatment *before* a defendant has been adjudicated guilty and sentenced." (Emphasis in original.) *Burchette v. State*, 274 Ga. App. 873, 874 (619 SE2d 323) (2005). See *Lewis v. State*, 217 Ga. App. 758, 759 (458 SE2d 861) (1995). Here, the trial court previously had entered final judgment on the felony statutory rape conviction and had sentenced Stulb accordingly. Having done so, the trial court could not unwind the clock and modify the final judgment of conviction and sentence in order to grant first offender treatment. See *Burchette*, 274 Ga. App. at 874; *Lewis*, 217 Ga. App. at 759.

Stulb argues, however, that the trial court retained jurisdiction under OCGA § 42-8-34 (g) to rescind his prior sentence in its entirety, rendering that sentence a mere nullity. Stulb maintains that once his prior sentence was rescinded, he was in the same position as any defendant who had been convicted but not yet sentenced, and that the trial court was then free to impose any sentence it saw fit, including a first offender sentence. We are unpersuaded.

OCGA § 42-8-34 (g) states:

> The sentencing judge shall not lose jurisdiction over any person placed on probation during the term of the person's probated sentence. The judge is empowered to revoke any or all of the probated sentence, rescind any or all of the sentence, or, in any manner deemed advisable by the judge, modify or change the probated sentence . . . at any time during the period of time prescribed for the probated sentence to run.

We have held that this statutory subsection authorizes a sentencing judge to modify or rescind *the probation portion* of a defendant's sentence during the period of time prescribed for the probated sentence to run, but not the underlying judgment of conviction or the confinement portion of the sentence. See *Levell v. State*, 247 Ga. App. 615, 616-617 (1) (544 SE2d 523) (2001); *State v. James*, 211 Ga. App. 149, 150-151 (2) (438 SE2d 399) (1993). Hence, while the trial court could rescind the probation portion of Stulb's sentence, the court lacked jurisdiction to rescind the underlying judgment of conviction or the confinement portion of his sentence. The trial court's attempt to do so in order to impose first offender treatment, therefore, was a mere nullity. See *James*, 211 Ga. App. at 150-151.

For the foregoing reasons, the trial court did not have authority to rescind Stulb's sentence in its entirety and then resentence him under the First Offender Act. We thus reverse the trial court's order that rescinded Stulb's full sentence and vacate Stulb's first offender

sentence entered thereafter, with the result that Stulb's original sentence is rendered in full force and effect.

*Judgment reversed and sentence vacated. Andrews, P. J., and Doyle, J., concur.*

DECIDED MARCH 9, 2009.

*Rebecca A. Wright, District Attorney, Madonna M. Little, Assistant District Attorney, Whitmer & Law, George H. Law III*, for appellant.

*Richard E. Allen*, for appellee.