### A10A1618. THE STATE v. NEAL.
(701 SE2d 487)

JOHNSON, Judge.

Jared Neal pled guilty to statutory rape. At the plea hearing, Neal requested that he be granted first offender status. The trial court accepted the guilty plea, denied the request for first offender status, entered judgment of conviction and sentenced Neal to five years on probation. Neal subsequently filed a motion to modify the sentence, again asking that he be treated as a first offender. The trial court granted the motion and modified the sentence to give Neal first offender status. The state appeals.

"The use of first offender treatment allows the defendant to be placed on probation *without an adjudication of guilt* in order to afford one who successfully completes such probation protection against the stigma of a criminal record."[1]

> Georgia's first offender law, OCGA § 42-8-60 (a), states as follows: "Upon a verdict or plea of guilty or a plea of nolo contendere, *but before an adjudication of guilt*, in the case of a defendant who has not been previously convicted of a felony, the court may, *without entering a judgment of guilt* and with the consent of the defendant: (1) Defer further proceeding and place the defendant on probation as provided by law; or (2) Sentence the defendant to a term of confinement as provided by law. . . ." Under the plain language of this statute, a trial court is only authorized to grant first offender treatment *before* a defendant has been adjudicated guilty and sentenced. It follows that, once a trial court imposes a sentence, the defendant loses the opportunity to be treated as a first offender.[2]

In this case, the trial court accepted Neal's guilty plea to statutory rape, entered a final judgment of conviction and imposed a lawful sentence. "Having done so, the trial court could not unwind the clock and modify the final judgment of conviction and sentence in

---

[1] (Punctuation omitted; emphasis supplied.) *Lewis v. State*, 217 Ga. App. 758, 759 (458 SE2d 861) (1995).

[2] (Citation omitted; emphasis in original.) *Burchette v. State*, 274 Ga. App. 873, 874 (619 SE2d 323) (2005).

order to grant first offender treatment. [Cits.]"[3] Because there had previously been an adjudication of guilt, the trial court's subsequent "attempt . . . to impose first offender treatment . . . was a mere nullity. [Cit.]"[4]

*Judgment reversed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED AUGUST 19, 2010 —
RECONSIDERATION DENIED SEPTEMBER 13, 2010 —

*Julia Fessenden Slater, District Attorney, William D. Kelly, Jr., Assistant District Attorney*, for appellant.

*Kirby & Kirby, William L. Kirby III, William L. Kirby II, Richard A. Bunn*, for appellee.

---

[3] *State v. Stulb*, 296 Ga. App. 510, 512 (675 SE2d 253) (2009).
[4] Id.
[1] See *Moore v. State*, 285 Ga. 157 (1) (674 SE2d 315) (2009).