**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 6, 2013**

# In the Court of Appeals of Georgia

A12A2038. TEW v. THE STATE.

RAY, Judge.

Ian David Tew pled guilty to the offense of statutory rape.[1] He appeals the trial court's ruling that he was not legally eligible for first offender treatment. Because the trial court did not err in finding that the law did not permit Tew to be sentenced as a first offender, we affirm.

---

[1] OCGA § 16-6-3 (a).

Tew was indicted on nine counts,[2] including one count of statutory rape,[3] based upon a sexual encounter that occurred when Tew was 22 years old and the victim was 14 years old. On April 18, 2012, Tew entered a plea of guilty to statutory rape, admitting that he picked the victim up from her house, drove her to his house, had sex with her, and then drove her to Nashville. At the sentencing hearing, Tew requested that he receive first offender treatment and argued that he should not have to register as a sexual offender. The trial court concluded that Tew was not legally eligible for first offender treatment; required him to register as a sexual offender; sentenced him to ten years to be served on probation; and imposed sexual offender conditions on probation. This appeal ensued.

_____

[2] Tew was indicted with the following charges: two counts of aggravated child molestation, child molestation, statutory rape, interference with custody, contributing to the delinquency of a minor, interstate interference with custody, theft by receiving stolen property, and theft by taking. After Tew pled guilty to statutory rape, the remaining eight charges were dismissed by the State.

[3] OCGA § 16-6-3 (a) provides:
A person commits the offense of statutory rape when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse, provided that no conviction shall be had for this offense on the unsupported testimony of the victim.

In his sole enumeration of error, Tew contends that the trial court erred in ruling that he was not legally eligible for first offender consideration. Specifically, Tew argues that OCGA § 17-10-6.2, which governs the sentencing of persons convicted of sexual offenses, including statutory rape,[4] allows the trial court to exercise its discretion to grant Tew first offender status under OCGA § 42-8-60.

As an initial matter, we note that whether or not to sentence a defendant under the First Offender Statute, OCGA § 42-8-60 *et seq.*, lies entirely within the discretion of the trial court.[5] However, "that discretion is abused if the court refuses to consider first offender treatment based upon an erroneous expression of belief that the law does not permit the exercise of such discretion."[6] Because whether or not the trial

---

[4] OCGA §16-6-3 (b) provides that if a person convicted of statutory rape is 21 years of age or older, "such person shall be punished by imprisonment for not less than ten nor more than 20 years. Any person convicted under this subsection of the offense of statutory rape shall, in addition, be subject to the sentencing and punishment provisions of Code Section 17-10-6.2."

[5] (Citations omitted.) *Camaron v. State*, 246 Ga. App. 80, 82 (1) (539 SE2d 577) (2000).

[6] (Citation omitted.) *Planas v. State*, 296 Ga. App. 51, 52 (1) (673 SE2d 566) (2009).

court abused its discretion turns on the proper interpretation of OCGA § 17-10-6.2, it is "a question of law, which is reviewed de novo on appeal."[7] Further, the defendant seeking first offender treatment has the burden on appeal to establish upon the record that the trial court based its decision upon an erroneous expression of belief, and absent "evidence in the record demonstrating error, the trial court is presumed to have acted properly in imposing [the] sentence."[8]

OCGA § 17-10-6.2 (b) sets forth the mandatory sentence guidelines for persons convicted of a sexual offense. It provides that:

[e]xcept as provided in subsection (c) of this Code section . . . any person convicted of a sexual offense shall be sentenced to a split sentence which shall include the minimum term of imprisonment specified in the Code section applicable to the offense. No portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court and the sentence shall include, in addition to the mandatory imprisonment, an additional probated sentence of at least one year. *No person convicted of a sexual offense shall be sentenced as a first offender pursuant to Article 3 of Chapter 8 of Title 42, relating to probation for first offenders, or any*

---

[7] (Citation and punctuation omitted.) *Nunnally v. State*, 311 Ga. App. 558, 559 (1) (716 SE2d 608) (2011).

[8] (Citations omitted.) *Camaron*, supra.

*other provision of Georgia law relating to the sentencing of first offenders.*[9]

Subsection (c) (1) of OCGA § 17-10-6.2 further provides that "[i]n the court's discretion, the court may deviate from the mandatory minimum sentence as set forth in subsection (b) of this Code section, *or any portion thereof,* provided that"[10] the defendant satisfied all six requirements set forth in subsection (c) (1) (A) - (F).

Ultimately the trial court ruled that Tew satisfied all six requirements of the statute and deviated from the mandatory sentence guidelines of OCGA § 17-10-6.2 (b) for the purpose of sentencing Tew to a probated sentence. However, it found that Tew was not eligible for first offender status, finding that the phrase "or any portion thereof" in Subsection (c) (1) applied only to first two sentences of Subsection (b) setting forth mandatory minimum sentence guidelines, and not to the final sentence of Subsection (b), which precludes defendants convicted of certain enumerated sexual offenses from receiving first offender status.

---

[9] (Emphasis supplied.)

[10] (Emphasis supplied.)

Tew argues that the phrase "or any portion thereof" in Subsection (c) (1) refers to the entirety of Subsection (b) and not simply to the first two sentences referring to the mandatory minimum sentencing guidelines. We disagree.

When considering the meaning of a statute, we apply the following analysis:

First, courts should construe a statute to give sensible and intelligent effect to all of its provisions and should refrain, whenever possible, from construing the statute in a way that renders any part of it meaningless. Second, a court's duty is to reconcile, if possible, any potential conflicts between different sections of the same statute, so as to make them consistent and harmonious. Third, in construing language in any one part of a statute, a court should consider the entire scheme of the statute and attempt to gather the legislative intent from the statute as a whole.[11]

With these principles in mind, we find that it is clear from the grammatical construction and the punctuation of OCGA § 17-10-6.2 (c) (1) that the legislature intended the "or any portion thereof" language of Subsection (c) (1) to modify the *entire* phrase directly preceding it, which states, "the court may deviate from the mandatory minimum sentence as set forth in subsection (b) of this Code section."[12]

___

[11] (Citation omitted.) *Fulton County v. Colon*, 316 Ga. App. 883, 887 (2) (730 SE2d 599) (2012).

[12] OCGA § 17-10-6.2 (c) (1).

6

The mandatory minimum sentence is set forth only in the first two sentences of Subsection (b) and is not discussed in the final sentence, which addresses first offender status. This legislative intent is further clarified upon a close reading of the first two sentences of Subsection (b), which, mirroring the "portion" language of Subsection (c) (1), state, in part, that "*[n]o portion* of the mandatory minimum sentence imposed shall be suspended, stayed, deferred, probated or withheld by the sentencing court . . . ."[13] Accordingly, we find that the most sensible interpretation of the "any portion thereof" language in Subsection (c) (1) indicates that the legislature's intent was not to allow the trial court to deviate from the entirety of Subsection (b), but rather to grant the trial court discretion to deviate only from the mandatory minimum sentence guidelines set forth in the first two sentences.

Moreover, "a statute must be construed in relation to other statutes of which it is a part, and all statutes relating to the same subject-matter, briefly called statutes in pari materia, are construed together, and harmonized whenever possible, so as to ascertain the legislative intendment and give effect thereto."[14] When OCGA § 17-10-

---

[13] Emphasis supplied.

[14] (Footnote omitted.) *Aimwell, Inc. v. McLendon Enterprises, Inc.*, __ Ga. App. __ (1) (734 SE2d 84) (2012).

6.2 (c) (1) is construed in pari materia with the First Offender Statute, OCGA § 42-8-60, Tew's interpretation of the "or any portion thereof" language in a manner that grants the trial court discretion to award first offender status to Tew becomes untenable. OCGA § 42-8-60 specifically states, without exception, that no person convicted of a sexual offense may be given first offender treatment.[15] This conclusion is further supported by case law. Interpreting OCGA § 17-10-6.2 and OCGA § 42-8-60, this Court in *Planas v. State*[16] held that a defendant over the age of 21 at the time of the offense of statutory rape is excluded from first offender consideration.[17]

*Judgment affirmed. Miller, P. J., and Branch, J., concur.*

---

[15] OCGA § 42-8-60 (d) (2) provides that: "The court shall not sentence a defendant under the provisions of this article who has been found guilty of or entered a plea of guilty or a plea of nolo contendere for . . . [a] sexual offense as such term is defined in Code Section 17-10-6.2." OCGA § 17-10-6.2 (a)'s definition of "sexual offense" includes "[s]tatutory rape, as defined in Code Section 16-6-3, if the person convicted of the crime is 21 years of age or older." OCGA § 17-10-6.2 (a) (4).

[16] Supra.

[17] Id. at 52 (1); Accord *Ailara v. State*, 311 Ga. App. 862, 863, n. 3 (717 SE2d 498) (2011).