**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**January 16, 2014**

# In the Court of Appeals of Georgia

A13A2364. HARRIS v. THE STATE.

PHIPPS, Chief Judge.

In August 2012, James B. Harris pled guilty to three counts of child molestation and one count of enticing a child for indecent purposes.[1] He was sentenced to 15 years, 12 years of which were to be served in confinement. In June 2013, he filed a motion for an out-of-time appeal, which the trial court denied. Harris appeals from the order denying the motion, asserting that trial counsel had provided ineffective assistance by incorrectly informing him that he was not eligible to be sentenced as a first offender, failing to request sentencing as a first offender, and

---

[1] OCGA §§ 16-6-4 (a); 16-6-5 (a). The indictment alleged that the acts were committed in 2011.

failing to inform him of his right to appeal from the guilty plea.[2] For the reasons that follow, we affirm.

"An out-of-time appeal is appropriate where, as the result of ineffective assistance of counsel, a timely direct appeal was not taken. It is the remedy for a frustrated right of appeal."[3]

> [Harris's] judgments of conviction and sentences were entered after he pled guilty. A criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea. A direct appeal will lie from a judgment of conviction and sentence entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record. . . , including the transcript of his guilty plea hearing.[4]

Further,

> if a defendant raises an issue in a motion for [an] out-of-time appeal that can be determined on the existing record, issues regarding the effectiveness of counsel are reached, and the defendant must show that

---

[2] Although Harris asserted in his initial appellate brief additional errors, he withdrew several of the asserted errors in his reply brief. We review only the remaining assertions of error.

[3] *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996) (citation and punctuation omitted).

[4] Id. (citations and punctuation omitted).

his counsel was ineffective in not filing a timely appeal. Under the familiar *Strickland* [*v. Washington*][5] standard, this requires the defendant to prove both that his trial counsel provided deficient performance and that, but for that unprofessional performance, there is a reasonable probability that the outcome of the proceeding would have been different, which means in this context that the appeal would have been successful. The court need not address both parts of this test if the defendant makes an insufficient showing on one.[6]

The issues that Harris raised in his motion for an out-of-time appeal and has pursued in this appeal can be resolved based on facts appearing in the existing record. Thus, Harris did have a right to appeal his guilty plea.[7] However, as discussed below, "it is clear that each of his claims can be resolved against him, so a timely appeal would have been unsuccessful and the motion for an out-of-time appeal was properly denied."[8]

To support his claim of ineffective assistance of counsel, Harris points to a colloquy at the guilty plea hearing in which the prosecuting attorney asked Harris,

---

[5] 466 U. S. 668 (104 S Ct 2052, 80 LE2d 674) (1984).

[6] *Stephens v. State*, 291 Ga. 837, 838-839 (733 SE2d 266) (2012) (citations and punctuation omitted).

[7] See id. at 839 (3); *Grantham v. State*, 267 Ga. 635 (481 SE2d 219) (1997).

[8] *Stephens*, supra (citation omitted).

3

"You're not eligible [for first offender treatment] given the charges, correct?" Defense counsel interjected, "I don't know about eligibility, but we are not asking for it."

Harris argues that he was eligible for treatment as a first offender because he had no prior criminal record, the facts of the crimes charged were "not severe," his character was "outstanding," and he showed no signs of predisposition to recommit any unlawful offense. Had counsel requested first offender treatment from the court, Harris asserts, there is a reasonable probability that he would have received such treatment.

OCGA § 42-8-60 (a) provides, in pertinent part, that, upon a plea of guilty, in the case of a defendant who has not been previously convicted of a felony, the court may defer further proceedings and place the defendant on probation as provided by law, or sentence the defendant to a term of confinement as provided by law. Notwithstanding, OCGA § 42-8-60 (d) (2) pertinently provides that no person convicted of a sexual offense, as "sexual offense" is defined in OCGA § 17-10-6.2, may be given first offender treatment.[9] Under OCGA § 17-10-6.2 (a), the term "sexual offense" includes child molestation, as defined in OCGA § 16-6-4 (a) (unless subject

_____

[9] See *Planas v. State*, 296 Ga. App. 51, 52 (1) (673 SE2d 566) (2009).

to the provisions of OCGA § 16-6-4 (b) (2)),[10] and enticing a child for indecent purposes, as defined in OCGA § 16-6-5 (unless subject to the provisions of OCGA § 16-6-5 (c)).[11]

OCGA § 17-10-6.2 (b) pertinently provides: "No person convicted of a sexual offense shall be sentenced as a first offender pursuant to Article 3 of Chapter 8 of Title 42, relating to probation for first offenders, or any other provision of Georgia law relating to the sentencing of first offenders."[12]

Inasmuch as Harris was not entitled to first offender treatment for the crimes of child molestation and enticing a child for indecent purposes to which he pled guilty, his claims that trial counsel was deficient because counsel had misinformed him about his eligibility for and had failed to request such treatment are without

---

[10] OCGA § 16-6-4 (b) (2) provides an exception to the sentencing and punishment provisions of OCGA § 17-10-6.2 if the victim is at least 14 but less than 16 years of age and the person convicted of child molestation is 18 years of age or younger and is no more than four years older than the victim. Harris was 34 years old and the victim was 14 years old when the crimes were committed.

[11] OCGA § 16-6-5 (c) provides an exception to the sentencing and punishment provisions of OCGA § 17-10-6.2 if the victim is at least 14 but less than 16 years of age and the person convicted of enticing a child for indecent purposes is 18 years of age or younger and is no more than four years older than the victim.

[12] See *Tew v. State*, 320 Ga. App. 127, 128 (739 SE2d 423) (2013).

merit. We note that the cases upon which Harris relies to support his position that he was eligible for first offender treatment are inapposite, as those cases involved crimes committed prior to the enactment of OCGA §§ 42-8-60 (d)[13] and 17-10-6.2,[14] and/or did not address the issues he raises in this appeal.[15]

Based on the existing record, the issues Harris seeks to raise are without merit, so a timely direct appeal from the judgment of conviction entered on his guilty plea

---

[13] Ga. L. 2006, pp. 379-380, §§ 26, 30 (the 2006 amendment, effective July 1, 2006, added subsection (d)). See generally *Fleming v. State*, 271 Ga. 587, 590 (528 SE2d 547) (2000) (defendants were not precluded from requesting and obtaining first offender treatment for crimes committed in 1996, when prior to the 1998 amendments to OCGA §§ 17-10-6.1 and 42-8-60 et seq. defendants found guilty of a serious violent felony could apply for first offender status; "in general, a crime is to be construed and punished according to the provisions of the law existing at the time of its commission").

[14] Ga. L. 2006, pp. 379, § 21 (OCGA § 17-10-6.2 was added in 2006 and became effective in 2006). See *Roland v. State*, 273 Ga. 857 (548 SE2d 289) (1993); *Threlkeld v. State*, 250 Ga. App. 44, 45-46 (2) (550 SE2d 454) (2001); *Lewis v. State*, 217 Ga. App. 758 (458 SE2d 861) (1995).

[15] See *Johnson v. Roberts*, 287 Ga. 112 (694 SE2d 661) (2010) (appeal from denial of habeas corpus petition; issue was whether habeas court had erred in determining that counsel had provided ineffective assistance by misinforming petitioner about his parole eligibility for armed robbery and firearm possession convictions); *Lewis*, supra (trial court properly denied defendant's motion requesting first offender treatment; motion was filed after he had been adjudicated guilty and while he was serving his sentence).

would have been unsuccessful.[16] Thus, even assuming counsel failed to advise Harris of his right to appeal, no prejudice resulted therefrom.[17] The trial court did not abuse its discretion in denying Harris's motion for an out-of-time appeal.[18]

*Judgment affirmed. Ellington, P. J., and Branch, J., concur.*

---

[16] See generally *Stephens*, supra.

[17] Id. at 839 (2).

[18] See generally id. at 840 (4); *Brown v. State*, 290 Ga. 321 (1) (720 SE2d 617) (2012); *Ethridge v. State*, 283 Ga. App. 289, 291 (641 SE2d 282) (2007).