**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 2, 2015**

# In the Court of Appeals of Georgia

A15A0697. THE STATE v. SPAIN.

DILLARD, Judge.

In 2011, Chelsea Spain was convicted by a jury of entering an automobile with intent to commit theft. Although she was eligible to be treated as a "first offender," Spain declined to request such a sentence from the trial court. Then, roughly two years later, Spain moved the trial court to modify her sentence and grant her first-offender status. The trial court granted that motion, and the State appeals,[1] arguing that the court lacked jurisdiction to retroactively resentence Spain as a first offender.

---

[1] The State's appeal was authorized by OCGA § 5-7-1 (a) (6), which provides that the State may appeal from "an order, decision, or judgment of a court where the court does not have jurisdiction or the order is otherwise void under the Constitution or law of this state."

We agree, and therefore, the trial court's order modifying Spain's original sentence is reversed and her first-offender sentence is vacated.

On February 1, 2011, a jury convicted Spain of entering an automobile with the intent to commit theft. The trial court sentenced Spain to four years of probation, with 48 hours to serve in confinement. Because this was Spain's first felony conviction, she was eligible to be sentenced as a first offender. But after consulting with her counsel, Spain ultimately decided against requesting that the trial court sentence her under this statutory scheme.

On November 18, 2013, after serving more than half of her term of probation, Spain filed an "extraordinary motion to modify sentence," seeking to be resentenced as a first offender. In her motion, Spain acknowledged that, during sentencing, she was advised of her eligibility to be sentenced as a first offender, and that she elected not to seek a sentence under the First Offender Act.[2] Nevertheless, Spain indicated that, since that time, she realized the negative effects of having a felony conviction, and that she now desired first-offender status to allow for greater employment opportunities. After a hearing, the trial court granted her motion, finding that Spain was "overcome with emotion" during her initial sentencing hearing, and she "may not

_____

[2] *See* OCGA §§ 42-8-60 to 42-8-66.

2

have had a clear understanding of her decision in rejecting the opportunity afforded to her by the State and the Court to be sentenced under the First Offender Statute." This appeal by the State follows.

In its sole enumeration of error, the State argues that the trial court lacked jurisdiction to resentence Spain as a first offender.[3] We agree.

The First Offender Act provides, in relevant part, that

[u]pon a verdict or plea of guilty or a plea of nolo contendere, *but before an adjudication of guilt*, in the case of a defendant who has not been previously convicted of a felony, the court may, without entering a judgment of guilt and with the consent of the defendant: (1) Defer further proceeding and place the defendant on probation as provided by law; or (2) Sentence the defendant to a term of confinement as provided by law.[4]

In interpreting this statutory provision, we have recognized that by the "plain terms of the statute," a trial court is only authorized to grant first-offender treatment "*before a defendant has been adjudicated guilty and sentenced.*"[5] Thus, while the decision of

---

[3] Spain did not file an appellate brief challenging the State's argument.

[4] OCGA § 42-8-60 (a) (1)-(2) (emphasis supplied).

[5] *State v. Stulb*, 296 Ga. App. 510, 511-12 (675 SE2d 253) (2009) (punctuation omitted) (emphasis in original); *accord State v. Neal*, 306 Ga. App. 40, 40-41 (701 SE2d 487) (2010); *Burchette v. State*, 274 Ga. App. 873, 874 (619 SE2d 323) (2005);

whether or not to sentence a defendant as a first offender lies entirely within the discretion of the trial court,[6] that discretion disappears entirely once a defendant has been adjudicated guilty and sentenced.[7] And here, the trial court resentenced Spain as a first offender long after entering its final judgment on her felony conviction and sentencing her accordingly. As a result, the trial court was not at liberty to "unwind the clock and modify the final judgment of conviction and sentence in order to grant first offender treatment,"[8] and its "attempt to do so . . . was a mere nullity."[9]

---

*see also Lewis v. State*, 217 Ga. App. 758, 759 (458 SE2d 861) (1995) (holding that a defendant may not be granted first-offender status *after* he has been sentenced), *superceded by statute on other grounds as stated in Harris v. State*, 325 Ga. App. 568, 571 n. 14 & 15 (754 SE2d 148) (2014).

[6] *See Moton v. State*, ___ Ga. App. ___ (2), 2015 WL 2027975 *2 (May 5, 2015) (physical precedent only); *Freeman v. State*, 328 Ga. App. 756, 762 (5) (760 SE2d 708) (2014); *Tew v. State*, 320 Ga. App. 127, 127 (739 SE2d 423) (2013).

[7] *See supra* n.5.

[8] *Stulb*, 296 Ga. App. at 512.

[9] *Id.*; *see also Bush v. State*, 273 Ga. 861, 862 (548 SE2d 302) (2001) ("When a trial court enters a judgment where it does not have jurisdiction, such judgment is a mere nullity . . . [and] the void judgment will be reversed." (punctuation omitted)); *State v. James*, 211 Ga. App. 149, 150-51 (2) (438 SE2d 399) (1993) (holding that, when the trial court lacked jurisdiction to grant a motion to reconsider defendant's guilty plea, its judgment doing so was a nullity).

4

For all of the foregoing reasons, the trial court lacked jurisdiction to resentence Spain under the First Offender Act. We, therefore, reverse the trial court's judgment granting Spain's motion to modify her sentence, and vacate her first-offender sentence, with the result being that her original sentence is rendered in full force and effect.

*Judgment reversed and sentence vacated. Ellington, P. J., and McFadden, J., concur.*