# Court of Appeals
# of the State of Georgia

ATLANTA,  January 18, 2017

*The Court of Appeals hereby passes the following order:*

## A17A0893. JAMES BENJAMIN HARRIS v. THE STATE.

In 2012, James B. Harris pled guilty to several offenses, including child molestation, and the trial court sentenced him to a total of 15 years, with 12 years to serve.[1] In 2015, Harris appealed the denial of his motion to vacate a void sentence. We dismissed the appeal on the basis that Harris had not raised a valid void sentence claim. See Case Number A15A1515, dismissed June 5, 2015. In 2016, Harris filed a second Motion to Vacate Void Sentence. The trial court dismissed the motion, and Harris filed this appeal. Once again, we lack jurisdiction.

As we have already informed Harris, a trial court has limited authority to modify a sentence after it is imposed. Once the one-year statutory period for modifying a sentence under OCGA § 17-10-1 (f) has expired, the trial court may only modify a sentence if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). And a sentence is void only if it imposes punishment that the law does not allow. *Von Thomas v. State*, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013).

In a novel legal argument, Harris suggests that OCGA § 17-10-6.2 (b) mandates the trial court sentence him *only* to the five year minimum to serve with the remainder of his sentence on probation. Five years, however, is the mandatory minimum rather than the mandatory sentence. See OCGA §§ 16-6-4 (4);17-10-1 (f); see also *New v. State*, 327 Ga. App. 87, 108 (5) (755 SE2d 568) (2014). Accordingly,

---

[1] Harris sought to file an out-of-time appeal from his plea. The trial court denied the motion for out-of-time appeal, and we affirmed the ruling. See *Harris v. State*, 325 Ga. App. 568 (754 SE2d 148) (2014).

Harris did not raise a colorable argument that his sentence is void, and the trial court's denial of his motion is not subject to direct appeal. See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010).

Furthermore, Harris has already raised a void sentence claim in this Court. The law of the case rule precludes him from relitigating this issue notwithstanding the fact that his prior appeal was dismissed. See *Paradise v. State*, 321 Ga. App. 371, 373 (740 SE2d 238) (2013). For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,   01/18/2017*
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ *, Clerk.*