**FIRST DIVISION**
**BARNES, P. J.,**
**DOYLE, P. J., and LAND, J.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**April 20, 2023**

# In the Court of Appeals of Georgia

A23A0201. THE STATE v. MCKNIGHT.

DOYLE, Presiding Judge.

In April 2022, Broderick McKnight entered a negotiated guilty plea to seven counts of armed robbery and twenty-eight related counts.[1] The State recommended a sentence of thirty years — eight in prison and twenty-two on probation — for the armed robbery convictions, which otherwise would have required minimum sentences of ten years each with no option of probation or parole.[2] The superior court imposed the recommended sentence. A few months later, the court granted McKnight's motion

---

[1] See OCGA §§ 16-8-41 (a) (armed robbery); 16-4-1 (criminal attempt); 16-5-21 (a) (2) (aggravated assault with a deadly weapon); 16-11-106 (b) (1) (possession of a firearm during the commission of a felony); 16-8-40 (a) (3) (robbery by sudden snatching); 16-5-70 (d) (2) (third-degree child cruelty). The State nol prossed one count of aggravated assault with a deadly weapon.

[2] See OCGA § 17-10-6.1 (b) (1), (e).

to modify his sentence over the State's objection and suspended his sentence. The State appeals, arguing that the court lacked authority to depart from the mandatory minimum sentence without the State's agreement. We agree and therefore reverse the trial court's judgment and vacate the modified sentence.

During the proffer of evidence at the plea hearing, the prosecutor stated that, over a five-month period in 2020, McKnight used the "Letgo" or "Offerup" online platform to entice potential buyers to meet him with cash in exchange for various electronics. When the buyers arrived, however, McKnight brandished a handgun and demanded the buyers hand over the cash. McKnight sometimes stole additional items from the victims. The State announced that McKnight potentially faced seven consecutive life sentences on the armed robbery charges, but that the parties had negotiated a thirty-year sentence, of which McKnight would serve eight years in prison with the remaining 22 years to be served on probation.

McKnight's attorney proffered that McKnight was 18 years old at the time of the offenses, that he had been in jail since his arrest, that he had been working on his GED and was awaiting his test results, that he had no criminal history, and that he had been receiving individual therapy and group counseling. The court accepted McKnight's plea and imposed the recommended sentence.

A month later, McKnight filed a motion to modify his sentence, arguing that his participation in the Georgia Works Program would be more appropriate than prison and stating that the prosecutor had indicated she did not oppose modification. At the hearing, McKnight's attorney clarified that the prosecutor only agreed that McKnight could interview for the program. The court noted on the record that it had invited McKnight after the plea hearing to move to modify his sentence based on his age and the court's perception that McKnight seemed rehabilitable.

Following defense counsel's proffer regarding McKnight's acceptance into the Georgia Works Program and the benefits of such program, the prosecutor stated on the record that she did not consent to such a departure. The prosecutor advised the court that the State had agreed to recommend a sentence below the mandatory minimums because of the lack of physical injuries and the fact that the gun had not been fired, and in light of McKnight's age and lack of a criminal or juvenile history. The State emphasized, however, that McKnight had repeatedly used a gun, that nothing had been presented about the circumstances prompting the crimes, and that the State's first priority was not to rehabilitate a defendant but to keep the community safe.

The court announced that it would "go[ ] out on a limb" and modify McKnight's sentence, which would be suspended conditional upon his successful completion of the program. This appeal followed.[3]

On appeal, the State argues that its agreement to depart from the mandatory minimum sentence did not mean that the trial court could modify to an even lesser sentence.

As this issue turns on the proper interpretation of OCGA § 17-10-6.1, it is a question of law, which is reviewed de novo on appeal.[4]

Armed robbery carries a mandatory minimum sentence of ten years' imprisonment.[5] Because armed robbery is a "serious violent felony,"[6] "no portion of the mandatory minimum sentence imposed shall be suspended[ ] by the sentencing court[,]"[7] except as provided in OCGA § 17-10-6.1 (e). That provision allows the

---

[3] See OCGA § 5-7-1 (a) (6); see also *State v. Yohman*, 348 Ga. App. 378, 382 (1) (823 SE2d 57) (2019) (holding that the State was authorized to appeal a void sentence).

[4] See *Strickland v. State*, 301 Ga. App. 272, 273 (687 SE2d 221) (2009).

[5] See OCGA § 16-8-41 (b).

[6] See OCGA § 17-10-6.1 (a) (2).

[7] OCGA § 17-10-6.1 (b) (1); see *Leonard v. State*, 325 Ga. App. 577, 578 (1) (754 SE2d 155) (2014).

sentencing court, in its discretion, to depart from the mandatory minimum sentence "when the prosecuting attorney and the defendant have agreed to a sentence that is below such mandatory minimum."[8]

We agree with the State that this case is controlled by *State v. Hudson*.[9] In that case, the superior court initially imposed the recommended sentence of ten years, with five years in prison and five on probation, where the defendant was under age 17 when he committed the armed robbery.[10] As the defendant's 17th birthday approached, the superior court held a hearing pursuant to OCGA § 49-4A-9 (e).[11] The court, "impressed by accounts of [the defendant's] excellent behavior at the youth detention facility" and over the State's objection, reduced his sentence to one year commuted to time served, with the remaining nine years to be served on probation.[12]

---

[8] OCGA § 17-10-6.1 (e).

[9] 303 Ga. 348 (812 SE2d 270) (2018).

[10] Id. at 348 (1).

[11] Id. OCGA § 49-4A-9 (e) provides that, when a child under age 17 has been sentenced in superior court, the court shall review the case when the child is approaching his or her 17th birthday and "determine if the child, upon becoming 17 years of age, should be placed on probation, have his or her sentence reduced, be transferred to the Department of Corrections for the remainder of the original sentence, or be subject to any other determination authorized by law."

[12] *Hudson*, 303 Ga. at 348 (1).

The Supreme Court held that, "*[r]egardless of whether OCGA § 49-4A-9 (e) applies* to [the defendant]*,* his sentence for armed robbery is controlled by OCGA § 17-10-6.1. Under that statute, the mandatory minimum ten-year prison sentence for armed robbery cannot be probated without the State's agreement."[13] Based on the Supreme Court's clear holding, we reject McKnight's argument that *Hudson* "addressed the interplay between OCGA § 49-4A-9 (e) and § 17-10-6.1[ ]" and thus is not controlling.[14]

Because McKnight's sentence for armed robbery is controlled by OCGA § 17-10-6.1, the mandatory minimum ten-year prison sentence cannot be probated without the State's agreement.[15] Accordingly, we reverse the trial court's judgment granting

---

[13] *Hudson*, 303 Ga. at 350 (2) (emphasis supplied).

[14] See id. at 349-350 (2) (holding that this Court unnecessarily addressed "[w]hich juvenile offenders come within the scope of OCGA § 49-4A-9 (e) and how that provision interacts with OCGA § 17-10-14 (a)" and concluding that such holdings "should be treated as dicta only").

[15] See *Hudson*, 303 Ga. at 350 (2); cf. *State v. Mejia*, ___ Ga. App. ___ (3) (__ SE2d __) (2023) (Case No. A22A1711, Feb. 21, 2023) (remanding for resentencing where "[a]lthough [OCGA § 17-10-6.2 (c) (1)] authorized the trial court, with the agreement of [the defendant] and the prosecuting attorney, to deviate from the split-sentencing requirement [of § 17-10-6.2 (b)], the record contains no evidence that the parties negotiated anything beyond the aggregate sentence to be served.").

McKnight's motion to modify his sentence and vacate his modified sentence, with the result being that his original sentence is rendered in full force and effect.[16]

*Judgment reversed and sentence vacated. Barnes, P. J., and Land, J. concur.*

---

[16] See *State v. Spain*, 332 Ga. App. 412, 414 (773 SE2d 281) (2015).