## S16A1069. THE STATE v. SMITH.
(792 SE2d 677)

BENHAM, Justice.

Appellee Robert Lenoris Smith was indicted by a Decatur County grand jury for felony murder and other offenses arising out of the shooting death of Octavius Powell. Smith filed a number of pre-trial motions, including a motion to suppress evidence of an oral admission, written statements, and video recordings of any statement made to law enforcement officers while in custody. After conducting a *Jackson-Denno*[1] hearing, the trial court entered an order suppressing the admission of such evidence, finding

> that the State failed to prove by a preponderance of the credible evidence that the statement of defendant was freely, voluntarily, knowingly, and understandably made and entered, and the statement was made and entered without any undue influence, compulsion, duress, promise of benefit, or fear of injury.

The State filed this appeal. We hereby affirm the trial court's ruling.

---

[1] *Jackson v. Denno*, 378 U. S. 386 (84 SCt 1774, 12 LE2d 908) (1964) (mandating a hearing outside the presence of the jury to determine whether a defendant's confession to a crime was voluntarily given and admissible in evidence).

1. At the *Jackson-Denno* hearing, the State sought to admit a video disc of the investigating officers' interview of Smith the day after the crimes occurred. Investigator Nix of the Bainbridge Public Safety Department testified he was present at the interview, and he was asked to authenticate a video disc that the State claimed was a recording of the Smith interview. The prosecutor and Investigator Nix engaged in an off-the-record discussion, and it appears that Investigator Nix could not authenticate the first disc the State marked as an exhibit as being the same disc his department submitted to the prosecutor and which he had already reviewed. That disc was withdrawn, and a second disc was then marked as an exhibit. The prosecutor then asked Investigator Nix whether this second disc was a recording of the videotaped interview of Smith that he had brought with him to court. Investigator Nix indicated he would need to audition the second disc before he could testify about it. The record reflects a break in the proceedings was taken so that he, Smith, and the two attorneys could view the disc in the judge's chambers. The parties acknowledge that the judge did not view the recording.[2] After going back on the record, Investigator Nix testified he had auditioned the disc and that it reflected everything that occurred during the Smith interview.

This testimony, however, did not hold up on cross-examination. Investigator Nix testified that his recollection, from previously viewing a video recording of the interview, was that the interview lasted one hour and twenty-three minutes. But he admitted he did not view the entire video when he watched it in the judge's chambers and he could not attest to whether the recording he reviewed in chambers was one hour and twenty-three minutes long. Instead, he testified that the purpose of his in-chambers review was to confirm that the entire audio portion of the recording was captured, due to problems with the audio on discs in other cases in which he had testified, though he admitted that since he did not watch the entire video he did not have the chance to make that determination. He also stated he wanted to make sure the disc he was being asked to authenticate was the same one he watched earlier in the morning before appearing in court and not one of the other copies of the recording. Although he testified that the disc he watched in chambers was the one he had reviewed earlier and then placed in a binder he gave to the prosecutor, he acknowledged the disc had no identifying markers on it that would

---

[2] We also note the State did not tender the disc into the record for purpose of appellate review, and thus this Court has also not reviewed the recording.

confirm this fact. He further testified he was not present when the disc in question was made.

The evidentiary rule regarding authentication of evidence is set forth in OCGA § 24-9-901. With respect to authenticating a video recording of a defendant's custodial statement, the State must show it is a fair representation of the statement, and may authenticate the recording by any witness familiar with the subject depicted on the recording, as is the case with any other video recording presented as evidence at a criminal trial. See *Heard v. State*, 296 Ga. 681, 686 (4) (769 SE2d 917) (2015) (addressing the admission of a video recording of a witness' pre-trial statement). "On appeal, the admission of evidence is reviewed for an abuse of discretion." *Burgess v. State*, 292 Ga. 821, 823 (4) (742 SE2d 464) (2013). Given the equivocal testimony of the investigator with respect to whether the video disc being offered into evidence was one he had reviewed, the State failed to carry its burden of proving the video recording was a fair representation of defendant's interview. We cannot find the trial court's decision to exclude the video recording of Smith's confession to be an abuse of discretion.

2. When reviewing a trial court's decision on a motion to suppress evidence of a defendant's custodial statement to investigators, "we must accept the factual findings and credibility determinations of the trial court unless clearly erroneous . . . ." *Cheley v. State*, 299 Ga. 88, 90 (2) (786 SE2d 642) (2016). "The [S]tate bears the burden of demonstrating the voluntariness of a confession by a preponderance of the evidence. *Lego v. Twomey*, 404 U. S. 477, 489 (92 SC[t] 619, [626-627,] 30 LE2d 618) (1972) . . . ." *Bright v. State*, 265 Ga. 265, 280 (5) (b) (455 SE2d 37) (1995). In addition to the excluded video recording, the State presented the *Miranda*[3] waiver form signed by Smith and the testimony of Investigator Nix. According to Investigator Nix's testimony, one or two other investigators were present at the Smith interview, but he was the only witness offered in support of admitting either the video recording or other evidence of Smith's interview statements. Investigator Nix testified Smith never requested an attorney prior to or during the interview, that Smith was never offered a hope of benefit or reward if he gave a statement to the investigators, and that the statement was not the product of duress or compulsion, fear of threat, or undue influence. Again, however, his testimony on cross-examination was less convincing.

For example, although Investigator Nix was present at the interview and claimed to have reviewed the video recording earlier in

---

[3] *Miranda v. Arizona*, 384 U. S. 436 (86 SCt 1602, 16 LE2d 694) (1966).

the morning of the hearing, he could not recall whether a third investigator, who was mentioned by name by Smith's counsel, was also present. Smith's counsel asked Investigator Nix whether he told Smith in the course of the interview that if he cooperated he would be willing to tell the victim's father that he showed remorse. Again, even though he claimed to have reviewed the video recording that day, the witness could not recall whether he made this statement to Smith. In response to questioning, Investigator Nix testified that if he did make that statement he could not say if his motive would have been to induce Smith to make statements he had not otherwise volunteered to make. Although no evidence was presented that the witness did, in fact, make such a representation to Smith, we cannot say that the witness' uncertainty and inability to deny such a representation, considered with the evidence as a whole, was insufficient to create doubt about the witness' credibility. And, given the exclusion of the video recording, his testimony was the only evidence offered that Smith's statement met constitutional standards that it was given voluntarily, knowingly, and understandingly, and without promise of benefit or threat of injury.

> In reviewing the superior court's ruling on [a motion] to suppress, this Court must be guided by three fundamental precepts: first, when a motion to suppress is heard by the trial judge sitting as the trier of fact, the judge hears the evidence and the judge's findings on conflicting evidence are analogous to a jury verdict, and consequently, should not be disturbed by the appellate court if there is any evidence to support them; second, the trial court's decisions on questions of fact and credibility are to be accepted unless they are clearly erroneous; and third, the appellate court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Citations omitted.) *State v. Colvard*, 296 Ga. 381, 382 (1) (768 SE2d 473) (2015). From the testimony summarized above, the trial court was authorized to make determinations of fact and credibility that would support the order granting Smith's motion to suppress, not only as to the video recording but also as to Smith's written statement and the testimony of the interrogating officer relating to his statement.

*Judgment affirmed. All the Justices concur, except Melton, J., who concurs in judgment only.*

DECIDED OCTOBER 31, 2016.

*Joseph K. Mulholland, District Attorney, Moruf O. Oseni, Assistant District Attorney*, for appellant.
*Chevene B. King, Jr.*, for appellee.