**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 25, 2025**

# In the Court of Appeals of Georgia

A25A0105. THE STATE v. BYRD.

DOYLE, Presiding Judge.

The State filed an accusation against Walter Byrd for driving under the influence of alcohol (less safe) and following too closely, and Byrd moved to suppress evidence from the traffic stop. The trial court granted the motion to suppress, and the State appeals, arguing that the trial court erred by granting the motion to suppress because the court (1) improperly denied its motion for a continuance and (2) improperly prohibited presentation of evidence from the bodycam video and incident report. For the reasons that follow, we lack jurisdiction to review the order denying the motion for a continuance, but we vacate the trial court's order granting the motion to suppress and remand for further proceedings consistent with this opinion.

"In reviewing the grant or denial of a motion to suppress, we construe the evidence in the light most favorable to upholding the trial court's findings and judgment. The trial court's application of law to undisputed facts, however, is subject to de novo review."[1]

So viewed, the record shows that in December 2023, the State filed an accusation against Byrd for DUI less safe. Byrd waived arraignment, pleaded not guilty, and filed omnibus pretrial motions, including a preliminary motion to suppress evidence based on, among other things, an illegal stop. On February 16, 2024, the trial court issued a rule nisi for a March 14 hearing on Byrd's motion to suppress.

In order to appear at the hearing, Byrd flew to Atlanta from Orlando, Florida, taking leave from work. At the hearing,[2] the State appeared and orally moved to continue the proceedings, arguing that the two officers involved in the stop were not available due to serving military leave for deployment with the national guard. Byrd moved for reconsideration of the first continuance, arguing that the State announced

---

[1] (Punctuation omitted.) *Douglas v. State*, 361 Ga. App. 120, 120-121 (1) (863 SE2d 379) (2021), quoting *Thomas v. State*, 287 Ga. App. 262 (651 SE2d 183) (2007).

[2] There is no transcript from the first hearing in the appellate record, but these facts were gleaned from other filings and the transcript of the later hearing. The State does not dispute these facts.

only that the two arresting officers could not appear due to military leave but failed to present evidence of why the toxicologist or phlebotomist were not available for the hearing. Byrd also argued that no evidence of proper subpoenas of the officers or other evidence of military leave was supplied by the State. The trial court denied Byrd's motion for reconsideration, but it reset the hearing for the motion to suppress to April 11, 2024.

On April 9, the State filed a second motion for continuance, asking to continue the April 11 hearing because the officers were on military duty, citing two non-existent OCGA sections.[3] Attached to the second motion was a purported copy of orders from the Department of Defense to the lead officer, directing him to report for active duty in Fort Bliss, Texas, for 400 days beginning on October 22, 2023.[4] A second purported copy of Department of Defense orders was also attached, but those orders listed no

---

[3] The two sections cited by the State were OCGA §§ 9-1-153, 39-2-279. As noted by Byrd, the State likely meant to refer to OCGA §§ 9-10-153, 38-2-279, neither of which address military orders in the context of criminal matters.

[4] Byrd argues that the number could be 100 or 400. The numeral 4 in 400 is not clearly printed on the paper aside from the main vertical stem. Assuming it is a 4, the crossbar is completely illegible, but the apex of the numeral appears to be a diagonal stem rather than a serif (which would occur on the numeral 1) when compared to the other examples of legible 1 and 4 numerals on the page.

specific person; instead, the assisting officer's name was handwritten on top of the page. Byrd objected to the second motion for a continuance, arguing that he drove from Orlando in order to attend. He also noted that although the trial court had instructed the State to provide to him evidence of the officers' military orders by March 15, the State had failed to provide anything until April 9 and had not made a showing that the officers were material and necessary witnesses. The State filed an amended second motion to continue the morning of the hearing, this time citing to OCGA § 17-8-31.

At the April 11 hearing, the trial court and parties discussed the late filings made by the State, and the trial court denied the motion to continue based on the fact that the State failed to provide the military orders by the deadline imposed by the court and had waited until the eve of the second hearing to move for another continuance.

The court proceeded to hear the motion to suppress, and the State attempted to introduce the body-camera video as a business record via testimony by the solicitor's office investigator who uploaded the video to the office electronic case file. Byrd objected based on lack of foundation, and the trial court sustained the objection.

The State then called a forensic chemist from the Georgia Bureau of Investigation to testify. The trial court allowed the chemist to testify to the blood alcohol test he performed on blood that was sent to the Bureau from Gwinnett County and labeled as Byrd's, which test determined a blood alcohol level of .123 grams. The State then attempted to introduce copies of the officers' incident reports from the evening in question, but the trial court sustained Byrd's objection to admission of the reports on the basis of lack of foundation. Byrd then moved for the court to grant his motion to suppress on the basis that the State failed to present any evidence of reasonable, articulable suspicion or probable cause to effectuate the stop of Byrd on the night in question and failed to present any evidence that Byrd consented to any field sobriety tests, breath tests, or blood tests. The trial court agreed with Byrd and granted the motion to suppress.

1. The State first argues that the trial court erred by denying its April motion for a continuance without making findings of fact, which the State contends were required pursuant to OCGA § 17-8-31.[5]

---

[5] Pursuant to OCGA § 17-8-31 (b), "[i]t shall be the duty of any judge of the courts of this state to continue any case in the court upon a showing by the state . . . that a material and necessary witness is unavailable by reason of being on active duty as a member of the National Guard . . . ."

As an initial matter, Byrd contends that this Court does not have jurisdiction to review the trial court's denial of the State's motion for a continuance, and we agree that it is true that "[t]he State does not have the right to appeal decisions in criminal cases unless there is a specific statutory provision granting the right."[6] Specifically,

> OCGA § 5-7-1 (a) sets forth the various circumstances under which the State may file an appeal, including, for example, from an order dismissing an indictment, § 5-7-1 (a) (1); sustaining a plea in bar, § 5-7-1 (a) (3); suppressing or excluding illegally seized evidence, § 5-7-1 (a) (4); or excluding the State's evidence at trial under certain conditions, § 5-7-1 (a) (5). Because § 5-7-1 (a) establishes the universe of appeals the State is permitted to seek in criminal cases, if the State attempts an appeal outside the ambit of OCGA § 5-7-1 (a), the appellate courts do not have jurisdiction to entertain it.[7]

In its notice of appeal, the State cites to OCGA § 5-7-1 (a) (5) as providing jurisdiction to this Court to review the trial court's denial of the State's motion for a continuance.

---

[6] *State v. Caffee*, 291 Ga. 31, 33 (2) (728 SE2d 171) (2012). Compare *State v. Smith*, 308 Ga. App. 345, 350-353 (1) (707 SE2d 560) (2011) (finding jurisdiction over the trial court's decision to bar the State from presenting evidence at the rescheduled hearing on the motion to suppress based on the State's failure to present evidence at the first hearing for which the State argued it had not been served notice).

[7] (Citations and punctuation omitted.) *State v. Wheeler*, 310 Ga. 72, 74 (1) (849 SE2d 401) (2020).

Nevertheless, the order denying a continuance is not "an order, decision, or judgment excluding any other evidence to be used by the state at trial."[8] The denial of a continuance was not such an order because the trial court in no way barred the officers, should they return in time for trial, from testifying. Accordingly, we lack jurisdiction over the trial court's denial of the motion to continue.

2. Next, the State contends that the trial court erred by failing to allow it to present evidence at the hearing via the bodycam recording and officer incident reports because the rules of evidence do not apply to suppression hearings.[9] We agree that the trial court erred by declining to review the evidence based on lack of foundation.

---

[8] OCGA § 5-7-1 (a) (5). See also *Wheeler*, 310 Ga. at 72-74 (dismissing an untimely filed appeal by the State of the trial court's denial of its motion to admit other acts evidence). Although not raised by the State, the ruling at issue does not fall within the universe of orders that are void or null at inception, which would also be appealable by the State. See, e.g., *State v. James*, 211 Ga. App. 149, 150-151 (438 SE2d 399) (1993) (allowing a State appeal because the trial court did not have jurisdiction over the defendant's motion for reconsideration of a motion to withdraw a guilty plea); *State v. Mohamed*, 203 Ga. App. 21 (2) (416 SE2d 358) (1992) (allowing a State appeal because the trial court did not have jurisdiction over a motion to modify); *State v. Bilal*, 192 Ga. App. 185 (384 SE2d 253) (1989) (allowing a State appeal from an order granting a motion for judgment notwithstanding the verdict because the legislature did not create a right to such relief in a criminal case).

[9] The video and incident reports were not submitted to the record below nor to the appellate record before us.

The State cites no cases addressing issues of foundation or authentication raised during hearings on motions to suppress, although there are many that hold that hearsay rules do not apply thereto.[10] Looking to the Georgia rules of evidence cited by the State in support of its contention, OCGA § 24-1-2 (c) states that "[t]he rules of evidence, except those with respect to privileges, shall not apply in the following situations: (1) [t]he determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under Code Section 24-1-104;" and OCGA § 24-1-104 (a) states that "[p]reliminary questions concerning . . . the admissibility of evidence shall be determined by the court . . . . In making its determination, the court shall not be bound by the rules of evidence except those with respect to privileges. . . ."

---

[10] See, e.g., *Daniel v. State*, 298 Ga. App. 245, 248 (3) (679 SE2d 811) (2009) (hearsay is admissible at a suppression hearing, and "the right to confront [a witness] does not apply" there).

Although there is no state case law interpreting those statutes in this situation,[11] "it is clear that the General Assembly intended for Georgia courts to look to the federal rules and how federal appellate courts have interpreted those rules for guidance" when interpreting Georgia rules of evidence "that mirror their federal counterparts."[12] In this case, the portions of the Georgia rules at issue mirror the

---

[11] One related case, *Smith v. State*, 299 Ga. 901 (792 SE2d 677) (2016), was decided by the Georgia Supreme Court after passage of the new evidence code. In *Smith*, the Supreme Court reviewed whether or not the trial court abused its discretion by finding that the State had failed to show the authenticity of a recording of the defendant's custodial interview and declining to enter it into evidence. Id. at 902-903 (1). Nothing in *Smith* indicates that the applicability of the rules of evidence regarding authenticity in the context of *Jackson Denno* hearings was challenged before the trial court or the Georgia Supreme Court. "Decisions of [the Supreme] Court and of the Court of Appeals do not stand for points that were neither raised by the parties nor actually decided in the resulting opinion, and questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." (Citations and punctuation omitted.) *Cook v. State*, 313 Ga. 471, 478 (2) (a) (870 SE2d 758) (2022). Thus, we do not read *Smith* as determinative of the question before us today.

[12] *Parker v. State*, 296 Ga. 586, 591-594 (3) (a) (769 SE2d 329) (2015) (addressing whether the rules of evidence apply to a proceeding for issuance of a material witness certificate under the out-of-state witness act). See also *State v. Woinarowicz*, 2006 ND 179, P13-P18 (II) (B) (720 NW2d 635, 641-642) (2006) (persuasive authority) (reviewing Federal Rules of Evidence for instruction on the interpretation of state rules of evidence, which mirror the Federal Rules).

Federal Rules upon which they were based.[13] And looking to federal law for guidance,

we note that the United States Supreme Court has explained that "[a]t a suppression

hearing, the court may rely on hearsay and other evidence, even though that evidence

would not be admissible at trial."[14]

Therefore, we hold that the trial court erred by declining to review the officers'

reports and the bodycam video based on its finding that the evidence rules regarding

foundation applied to the hearing on the motion to suppress. Accordingly, we vacate

the order and remand for further proceedings consistent with this opinion. The

ultimate question of whether or not to grant or deny the motion to suppress remains

with the trial court in the first instance, and as to any evidence presented by the State

---

[13] Fed. Rules Evid. 104 (a) ("The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege."); Fed. Rules Evid. 1101 (d) (1) ("These rules [of evidence] — except for those on privilege — do not apply to the following: (1) the court's determination, under Rule 104(a), on a preliminary question of fact governing admissibility.").

[14] *United States v. Raddatz*, 447 U. S. 667, 679 (IV) (A) (100 SCt 2406, 65 LE2d 424) (1980), citing *United States v. Matlock*, 415 U. S. 164, 172-174 (III) (94 SCt 988, 39 LE2d 242) (1974).

and or Byrd at a new hearing thereon, "[t]he trial court should give the evidence presented 'such weight as the court's judgment and experience counsel.'"[15]

*Judgment vacated in part, appeal dismissed in part, and case remanded for further proceedings consistent with this opinion. Markle and Padgett, JJ., concur.*

---

[15] *Parker*, 296 Ga. at 596 (4).